# OPINION

No. 04-06-00833-CV

Kia **BAILEY**, Individually and Larry Bailey, Individually,
Appellants

v.

Albert E. **SANDERS**, M.D.,
Appellee

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CI-17510
Honorable David A. Berchelmann, Jr., Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Karen Angelini, Justice
Rebecca Simmons, Justice
Steven C. Hilbig, Justice

Delivered and Filed:   April 16, 2008

AFFIRMED

This appeal stems from a medical negligence claim filed by Appellants Kia Bailey and

Larry Bailey (collectively "Baileys"), initially, solely against Appellee Dr. Albert E. Sanders.  In

two issues, the Baileys assert that the trial court erred in granting Dr. Sanders's motion for

substitution or dismissal based on Section 101.106(f) of the Texas Civil Practice and Remedies

Code,[1] when (1) Dr. Sanders failed to establish that the Baileys "could have brought" their claims against the University of Texas Health Science Center ("UTHSC") and (2) section 101.106(f) violates the open courts provision of the Texas Constitution. Because Dr. Sanders established the application of section 101.106(f), as a matter of law, and the Baileys failed to overcome the legal presumption that section 101.106(f) is constitutional, we affirm the judgment of the trial court.

## BACKGROUND

In late 2002, Appellant Kia Bailey began experiencing back pain and as a result consulted with Dr. Sanders. Kia continued to experience pain and in April of 2004 underwent a surgical procedure performed by Dr. Sanders at Christus Santa Rosa Hospital. The Baileys brought the underlying lawsuit against Dr. Sanders alleging damages from the surgical procedure.

Dr. Sanders served as an Assistant Professor at UTHSC from February 1, 2004 to August 31, 2004. The Baileys filed their original petition on July 14, 2005. On August 25, 2006, Dr. Sanders filed a "Motion for Summary Judgment of Substitution or Dismissal" pursuant to Section 101.106(f) of the Texas Civil Practice and Remedies Code.

On September 21, 2006, the trial court granted Dr. Sanders's motion. In its order, the trial court decreed that the Baileys' lawsuit was against Dr. Sanders in his official capacity only and that their lawsuit would be dismissed with prejudice unless they amended their pleadings dismissing Dr. Sanders and substituting his employer, UTHSC, on or before September 24, 2006.

---

[1] Section 101.106(f) provides:

  (f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it *could have been brought* under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106 (Vernon 2005) (emphasis added).

On September 25, 2006, the Baileys amended their petition and named UTHSC in the lawsuit. Thereafter, Dr. Sanders was dismissed and the cause severed. From this severed cause, the Baileys appealed the trial court's granting of Dr. Sanders's section 101.106(f) motion.[2]

## STANDARD OF REVIEW

Rule of Civil Procedure 166a provides that summary judgment is properly granted only when the movant establishes that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). Because the propriety of a summary judgment is a question of law, the trial court's decision is reviewed de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).

The standards for review of a traditional summary judgment are well established: (1) the movant must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, the court must take evidence favorable to the nonmovant as true; and (3) the court must indulge every reasonable inference in favor of the nonmovant and resolve any doubts in the nonmovant's favor. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

## ANALYSIS

On appeal, the Baileys assert that this court should reverse the trial court's summary judgment in favor of Dr. Sanders for the following alternative reasons: (1) Dr. Sanders failed to meet his burden of proof to show that the case could have been brought against UTHSC; or (2) as applied, section 101.106(f) deprives the Baileys of their common law cause of action against

---

[2]   Because the Baileys amended their petition after the two year statute of limitations, UTHSC filed a motion for summary judgment based on limitations. In a separate cause number, the Baileys have also appealed the trial court's granting of UTHSC's motion for summary judgment.

Dr. Sanders, without providing an alternative remedy, in violation of the open courts provision of the Texas Constitution. TEX. CONST. art. I, § 13.

### A. Meaning of "Could Have Been Brought"

Section 101.106(f) provides:

> [i]f a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only.

TEX. CIV. PRAC. & REM. CODE § 101.106(f) (Vernon 2005). On the employee's motion, "the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed." *Id.* The Baileys contend that Dr. Sanders failed to establish that their lawsuit could have been brought against UTHSC because there was no showing that (1) notice was provided to UTHSC, (2) UTHSC consented to the lawsuit, and (3) the Baileys' lawsuit against UTHSC was not barred by limitations.

#### 1. *Pre-suit Notice and Limitations*

The Baileys assert that Dr. Sanders failed to establish that they "could have brought" the lawsuit against UTHSC when there was no evidence that the Baileys gave pre-suit notice or that UTHSC had actual notice as required by section 101.101 of the Texas Civil Practice and Remedies Code, also known as the Texas Tort Claims Act ("Act"). The notice provision of the Act provides as follows:

> (a) A governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred. The notice must reasonably describe:
>     (1) the damage or injury claimed;
>     (2) the time and place of the incident; and
>     (3) the incident.

(b) A city's charter and ordinance provisions requiring notice within a charter period permitted by law are ratified and approved.

(c) The notice requirements provided or ratified and approved by Subsections (a) and (b) do not apply if the governmental unit has actual notice that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.101 (Vernon 2005).

In *Phillips v. Dafonte*, 187 S.W.3d 669, 673 (Tex. App.—Houston [14th Dist.] 2006, no pet.), the court concluded that Section 101.106(f), in effect, provided immunity to the government employee. *See also Tex. Dep't of Agric. v. Calderon*, 221 S.W.3d 918, 922 (Tex. App.—Corpus Christi 2007, no pet.) (stating "[i]n effect, section 101.106(f) confers immunity on a sued employee based on her motion to dismiss if her alleged conduct occurred in the scope of her employment and if the suit could have been brought against the governmental unit under the Act."). Section 101.106(f) provides the governmental employee with the option of forcing the plaintiff to substitute the governmental entity for the employee or risk a complete dismissal. *Id.* at 923.

If the Baileys' contention regarding notice is correct, then a plaintiff's failure to provide timely notice would vitiate section 101.106(f)'s purpose. In such circumstance, the plaintiff could effectively defeat the defendant employee's immunity from suit under section 101.106(f). We conclude the result the Baileys advocate would be inconsistent with the purpose of section 101.106(f) and its statutory scheme.

With regards to the statute of limitations, the "could have been brought" requirement under section 101.106(f) pertains only to Chapter 101 of the Texas Civil Practice and Remedies Code. The applicable statute of limitations is not found within Chapter 101. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.251 (Vernon 2005). As a result, we disagree that pre-suit notice

and timely filing of the plaintiff's lawsuit are necessary in order to establish that the plaintiff's lawsuit could have been brought under the Act.

2. *Consent*

Next, the Baileys assert that Dr. Sanders' dismissal was improper because there is no evidence that UTHSC consented to the lawsuit as required under section 101.106(b). Section 101.106(b) provides that "[t]he filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit . . . unless the governmental unit consents." TEX. CIV. PRAC. & REM. CODE § 101.106(b) (Vernon 2005). Yet, section 101.106(b) must be harmonized with section 101.106(f).

In *Tex. Dep't of Agric. v. Calderon*, the court examined the tension between section 101.106(b) and (f). *Calderon*, 221 S.W.3d at 920. The plaintiffs in *Calderon* initially filed their lawsuit solely against the government employee. *Id*. The government employee filed a motion to dismiss pursuant to section 101.106(f) and the trial court granted the motion. *Id.* Thereafter, instead of dismissing the employee, the plaintiffs filed an amended petition naming both the government employee and the governmental entity as defendants. *Id.* Over a year later, the plaintiffs amended their petition to exclude the employee. Thereafter, the governmental entity filed a plea to the jurisdiction claiming that it had not consented to the suit as required by section 101.106(b). *Id.* The trial court denied the plea to the jurisdiction. *Id.*

The appellate court reversed the trial court's order and dismissed the plaintiffs' claims against the governmental entity for lack of jurisdiction. *Id.* at 924. Examining the interplay between sections 101.016(f) and 101.106(b), the appellate court stated:

> by requiring a plaintiff to substitute the governmental unit as the defendant in
> place of the employee in order to maintain the lawsuit, section 101.106(f) has a

> second potential effect—that of removing a governmental unit's immunity derived from section 101.106(b).
>
> . . . .
>
> In order for a governmental unit's immunity under section 101.106(b) to be removed by section 101.106(f), however, the plaintiff must comply with the procedural requirements of section 101.106(f)

*Id.* at 923. The appellate court held that the plaintiff had not complied with the procedural requirements by not dismissing the employee within 30 days. Consequently, the governmental unit retained its immunity from suit.

We hold that section 101.106(b) is not implicated in this case. Under section 101.106(f), one of the prerequisites to the substitution of the governmental entity is that the suit "could have been brought" against the governmental unit. Here, the pleadings contain a claim that falls within the ambit of the Tort Claims Act's waiver of immunity. "[T]he manner in which the government conveys its consent to suit is through the constitution and . . . state laws." *Mission Consol. Ind. Sch. Dist. v. Garcia*, Nos. 05-0734, 05-0762, 05-0763, 2008 WL 821037, at *6 (Tex. Mar. 28, 2008). The Baileys followed the procedural requirements of section 101.106(f), and thus the substitution of UTHSC for Dr. Sanders was proper.

We overrule the Baileys' first issue.

### B. Open Court Provision Violation

In their second issue, the Baileys claim that, as applied, section 101.106(f) constitutes a violation of the open courts provision of the Texas Constitution. TEX. CONST. art. I, § 13 ("All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law."). Dr. Sanders contends that the Texas Supreme Court in *Thomas v. Oldham*, 895 S.W.2d 352 (Tex. 1995), rejected the Baileys'

argument or alternatively, the relation-back doctrine would prevent any unconstitutional application of section 101.106(f).[3]

In reviewing the constitutionality of a statute, there is a legal presumption that it is constitutional. TEX. GOV'T CODE ANN. § 311.021(1) (Vernon 2005); *Walker v. Gutierrez*, 111 S.W.3d 56, 66 (Tex. 2003). "Proof of an open courts violation requires two elements: (1) a cognizable, common-law claim that is statutorily restricted, and (2) the restriction is unreasonable or arbitrary when balanced against the statute's purpose and basis." *Yancy v. United Surgical Partners Int'l, Inc.*, 236 S.W.3d 778, 783 (Tex. 2007); *see also Thomas*, 895 S.W.2d at 357.

In *Thomas*, the Texas Supreme Court held that the predecessor of section 101.106[4] was constitutional under the open courts provision of the Texas Constitution. The *Thomas* Court concluded that the plaintiff failed to establish the first requirement, stating:

> [t]he Tort Claims Act broadened, rather than restricted, an injured party's remedies. At common law, municipalities performing governmental functions were completely immune from liability. The Tort Claims Act created a limited waiver of that immunity. Although a plaintiff who pursues the statutory remedy against the government may lose his or her common law remedy against the employee, the plaintiff is not required to follow this course. He or she may still opt to pursue the full common law remedy against the responsible employee, foregoing or postponing any attempt to recover from the government.

*Id.* at 357-58. While we disagree with Dr. Sanders that the supreme court's reasoning in *Thomas* expressly rejects the Baileys' argument, we are unable to conclude that the Baileys overcame the

---

[3] Generally, the relation-back doctrine allows for the amendment of a petition to relate back to the filing of the original petition, "even though new facts are alleged in the subsequent pleading, provided the cause of action remains the same as that alleged in the original pleading." *Chien v. Chien*, 759 S.W.2d 484, 493 (Tex. App.— Austin 1988, no writ). In their appeal against the UTHSC, the Baileys argue that the amendment to their petition naming the UTHSC as a defendant, while done after the statute of limitations, relates back to their original petition.

[4] The predecessor to section 101.106 of the Texas Civil Practices and Remedies Code stated: "'[a] judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim.'" Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, 1985 Tex. Gen. Laws 3305, (amended 2003) (current version at TEX. CIV. PRAC. & REM. CODE § 101.106).

legal presumption that section 101.106(f) is constitutional or that section 101.106(f) operated as an unreasonable restriction.

The statutory scheme under section 101.106, much like in *Thomas*, may require a plaintiff to choose between pursuing a lawsuit against the governmental unit or the governmental employee. The operation of section 101.106(f), however, does not give the plaintiff the option of continuing with a lawsuit against the governmental employee. The Baileys are restricted from pursuing their claims against a specific defendant, which in this case was Dr. Sanders, in his official capacity.

Here, the Baileys misidentify the restriction. The Baileys are not left without a remedy as a result of the operation of section 101.106(f). Instead, the Baileys are left without a remedy as a result of section 74.251(a), the two-year statute of limitations. The Baileys, however, have not made any argument as to why the restriction of the applicable two-year statute of limitations or the substitution of the governmental unit is unreasonable when balanced against the purpose of each statute. As a result, we conclude that the Baileys have failed to overcome the constitutional presumption of section 101.106(f). We overrule the Baileys' second issue.

### CONCLUSION

Having overruled each of the Baileys' issues, we affirm the judgment of the trial court.

Rebecca Simmons, Justice