



## MEMORANDUM OPINION

No. 04-10-00583-CV

Aaron **ROSSETT**, F.N.P.,
Appellant

v.

Gregory **WILSON** and Anne Wilson,
Appellees

No. 04-10-00597-CV

Andrea **CARPENTER**, M.D., Edward Sako, M.D., Lillian Liao, M.D., Ajay Gupta, M.D.,
Travis Kern, M.D. and David Cooper, M.D.,
Appellants

v.

Gregory **WILSON** and Anne Wilson,
Appellees

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-06592
Honorable Gloria Saldaña, Judge Presiding

Opinion by:   Karen Angelini, Justice

Sitting:      Catherine Stone, Chief Justice
              Karen Angelini, Justice
              Sandee Bryan Marion, Justice

Delivered and Filed:  May 11, 2011

REVERSED AND REMANDED

This is an accelerated appeal from orders denying pleas to the jurisdiction/motions to dismiss predicated on section 101.106(f) of the Texas Tort Claims Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f) (West 2005). We reverse and remand these causes to the trial court to address arguments that section 101.106(f) violates the open courts provision of the Texas Constitution and is unconstitutional.

## BACKGROUND

Physicians Andrea Carpenter, Edward Sako, Lillian Liao, Ajay Gupta, David Cooper, and Travis Kern (collectively, "Carpenter"[1]), and nurse practitioner Aaron Rossett were sued by Gregory and Anne Wilson for medical negligence. According to the allegations in the Wilsons' petition, Gregory was under the care of the aforementioned physicians and nurse practitioner at University Hospital when he became hemodynamically unstable and, as a result of an inadequate supply of blood and oxygen, suffered injuries to his spinal cord and colon. The Wilsons alleged that Carpenter's and Rossett's failure to investigate, identify, diagnose, and timely correct the underlying cause of Gregory's hemodynamic instability resulted in his injuries. The Wilsons did not allege, however, that Gregory's injuries were caused by the use or condition of tangible personal or real property, or by the operation or use of a motor-driven vehicle or motor-driven equipment.

Carpenter and Rossett moved to dismiss the Wilsons' suit pursuant to section 101.106(f) of the Texas Tort Claims Act, which provides,

> (f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the

---

[1] Lio, Cooper, Gupta, and Kern were residents at the University of Texas Health Science Center at San Antonio (UTHSCSA) under the supervision of Carpenter and Sako, who were faculty members at UTHSCSA.

governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f) (West 2005). Carpenter and Rossett established by affidavits that they were employed by a governmental unit, namely, the University of Texas Health Science Center at San Antonio (UTHSCSA), and that they acted in the course and scope of their employment in treating Wilson. In their written response, the Wilsons stated they were not contesting that Carpenter and Rossett were employees of UTHSCSA, and that they acted in the course and scope of their employment in treating Gregory. Thirty days elapsed, but the Wilsons did not amend their petition to delete Carpenter and Rossett and name UTHSCSA as a defendant.

The trial court held a hearing on the pleas to the jurisdiction/motions to dismiss. At the hearing, the only question presented was whether Carpenter and Rossett established that the Wilsons' suit could have been brought against UTHSCSA. The trial court denied Carpenter's and Rossett's pleas to the jurisdiction/motions to dismiss, and Carpenter and Rossett appealed.

## DISCUSSION

The primary issue presented in this appeal is whether parties seeking a dismissal of a claim under section 101.106(f) must establish that the claim could have been brought against the governmental employer based on one of the limited waivers of sovereign immunity specified in the Texas Tort Claims Act. Section 101.021, which enumerates the Act's limited waivers of sovereign immunity, provides,

A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (West 2005).

Carpenter and Rossett assert that the trial court erred in denying their pleas to the jurisdiction/motions to dismiss because they conclusively established that the Wilsons' suit could have been brought under the Texas Tort Claims Act against their governmental employer UTHSCSA. Carpenter and Rossett rely on *Mission Consol. Indep. Sch. Dist. v. Garcia* which stated that "all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be under the Tort Claims Act, for purposes of section 101.106." 253 S.W.3d 653, 658 (Tex. 2008) (quotation omitted). Carpenter and Rossett acknowledge that *Mission* was decided in the context of a dismissal sought under section 101.106(e), but argue that *Mission*'s reasoning applies equally to dismissals sought under section 101.106(f).[2]

In response, the Wilsons assert the trial court correctly denied the pleas to the jurisdiction/motions to dismiss because Carpenter and Rossett were required to establish that the Wilsons' causes of action fell within one of the limited waivers of immunity under section 101.021. In other words, the Wilsons contend that because the injuries alleged in their petition were not caused by the use or condition of tangible personal or real property, Carpenter and

---

[2] Section 101.106(e) provides that "[i]f a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e) (West 2005).

Rossett did not—and could not—establish that suit could have been brought against UTHSCSA. The Wilsons further contend that because they could not assert their claims against UTHSCSA under the Texas Tort Claims Act's waiver provisions, they were free to pursue common law negligence claims against Carpenter and Rossett, who remain individually liable for their conduct.

After Carpenter's and Rossett's appeals were briefed, the Texas Supreme Court issued its opinion in *Franka v. Velasquez*, holding that for purposes of section 101.106(f) a tort action is brought "under" the Texas Tort Claims Act, regardless of whether the Act waives immunity for such actions. 332 S.W.3d 367, 375 (Tex. 2011). In *Franka*, the Texas Supreme Court, further stated,

> Properly construed, section 101.106(f)'s two conditions are met in almost every negligence suit against a government employee: he acted within the general scope of his employment and suit could have been brought under the Act—that is, his claim is in tort and not under another statute that independently waives immunity. In such cases, the suit "is considered to be against the employee in the employee's official capacity only", and the plaintiff must promptly dismiss the employee and sue the government instead . . . . The immunity issue need not be determined until the governmental unit is in the suit and the issue can be fully addressed.
>
> This construction of section 101.106(f) does, however, foreclose suit against a government employee in his individual capacity if he was acting within the scope of employment. This changes, among other things, the rule in *Kassen v. Hatley*, which has allowed malpractice suits against physicians employed by the government, even though acting within the scope of employment. Recovery for the negligence of a government physician acting in the course of employment would be limited to that afforded under the Act.

*Id.* at 381 (citations omitted).

In light of the Texas Supreme Court's holding in *Franka*, we conclude the Wilsons' medical negligence claims were brought under the Texas Tort Claims Act. *See id.* at 385.

The Wilsons further assert section 101.106(f) violates the open courts provision of the Texas Constitution and is unconstitutional. *See* TEX. CONST. art. I, § 13. Article I, section 13

guarantees that "[a]ll courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." *Id*. When reviewing the constitutionality of a statute, courts begin with a legal presumption that the statute is constitutional. TEX. GOV'T CODE ANN. § 311.021(1) (West 2005). To establish an open courts violation, "the litigant must: (1) have a cognizable common-law cause of action that is being restricted; and (2) show that the restriction is unreasonable or arbitrary when balanced against the statute's purpose." *Horizon/CMS Healthcare Corporation v. Auld*, 34 S.W.3d 887, 902-903 (Tex. 2000); *Bailey v. Sanders*, 261 S.W.3d 153, 158-59 (Tex. App.—San Antonio 2008), *aff'd*, 332 S.W.3d 395 (Tex. 2011). A litigant must demonstrate both elements to successfully establish an open courts violation. *See Bailey*, 261 S.W.3d at 159 (concluding appellants failed to overcome presumption of constitutionality when they failed to make any argument as to the second element). Moreover, a litigant must raise an open courts challenge in the trial court before it can be raised on appeal. *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 222 (Tex. 2002).

Here, the Wilsons argued in the trial court that the interpretation of section 101.106(f) urged by Carpenter and Rossett, and later adopted in *Franka*, would violate the open courts provision of the Texas Constitution. However, given the procedural posture of the case, it appears the trial court never reached this argument. We, therefore, remand these causes to the trial court to address the constitutionality of the statute.[3] Absent a ruling that the statute is

---

[3] Although no open courts challenge was made in *Franka*, the Texas Supreme Court did express the following in its opinion:

> House Bill 4's revision of section 101.106 achieves the same end under Texas law as the Westfall Act [which provided immunity to all employees acting within the scope of employment] does under federal law. As it affects government-employed physicians, it is generally consistent with the Legislature's concerns regarding health care costs, also expressed in the bill. We recognize that the Open Courts provision of the Texas Constitution prohibits the Legislature from unreasonably abrogating well-established common-law claims, but restrictions on government employee liability have always been part of the tradeoff for the Act's waiver of immunity,

unconstitutional, the trial court is required to grant Carpenter's and Rossett's pleas to the jurisdiction/motions to dismiss under section 101.106(f).

## CONCLUSION

The orders denying Carpenter's and Rossett's pleas to the jurisdiction/motions to dismiss are reversed, and these causes are remanded to the trial court for proceedings consistent with this opinion.

Karen Angelini, Justice

---

expanding the government's own liability for its employees' conduct, and thus a reasonable exercise of the police power in the interest of the general welfare.

*Franka v. Velasquez*, 332 S.W.3d 367, 385 (Tex. 2011)(citations and quotations omitted).