Hattie M. TANNER, Appellant,

v.

EAST TEXAS MENTAL HEALTH, INC. & the Andrews Center a/k/a Mental Health Mental Retardation Center of East Texas, & Mental Health Mental Retardation Regional Center of East Texas, Appellees.

No. 12–94–00100–CV.

Court of Appeals of Texas, Tyler.

July 26, 1994.

Rehearing Overruled Jan. 10, 1995.

Michael G. Carroll, Tyler, for appellant.

Mike McNally and Lindsey S. Birdsong, Tyler, for appellee.

BILL BASS, Justice.

This is a summary judgment case in which the Appellant's negligence claim was dismissed on grounds of governmental immunity. We will affirm the trial court's judgment.

Appellees, East Texas Mental Health, Inc. and the Andrews Center (hereinafter "the Center"), operate as a community mental health, mental retardation center established under the authority of the Texas Mental Health Mental Retardation Act. The Center is a unit of local government established jointly by five East Texas counties and governed and administered by an appointed board of trustees.

Appellant Hattie Tanner, a licensed vocational nurse, worked part-time at the Center as an independent contractor. While administering medication to mentally and/or physically handicapped children in a common area at the Center, Ms. Tanner was knocked down by one of the mentally retarded children. Ms. Tanner broke her hip as a result of the fall.

Ms. Tanner sued the Center for damages allegedly caused by the negligence of the Center's agents or employees. Ms. Tanner's allegations of negligence against the Center included the following:

(1) failure of the Center to provide her with a reasonably safe place to work;

(2) failure of the Center to establish written policies and procedures for the giving of medication;

(3) failure of the Center to adequately warn her of the dangers associated with the person causing injury to her;

(4) failure of the Center's other employees to render aid to her in administering medication;

(5) improperly advising her that she was prohibited from administering medication in the medication room when in fact no such policy existed.

On the Center's motion based on governmental immunity, the trial court granted summary judgment for the Center.

In her only point of error, Ms. Tanner argues that the trial court erred in granting the Center's motion for summary judgment. Our standard for reviewing a summary judgment is whether the Center, as movant, has shown that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979). Ms. Tanner, as non-movant, is entitled to have all reasonable inferences made and all doubts resolved in her favor. *Nixon v. Mr. Property Management,* 690 S.W.2d 546, 548 (Tex.1985); *Univ. of Texas Health Science Center v. Big Train Carpet,* 739 S.W.2d 792 (Tex.1987). Furthermore, we must take as true the uncontroverted evidence of Ms. Tanner. *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972).

In its motion for summary judgment, the Center alleged that it is a governmental unit and, subject to any waiver of immunity, is entitled to invoke the doctrine of governmental immunity. The Center argued that governmental immunity had not been waived for a claim based on the allegations made by Ms. Tanner. Ms. Tanner does not dispute in her brief on appeal the fact that the Center is a governmental unit. Ms. Tanner's argument is that the Center failed to show that there is no genuine issue of material fact on the issue of the governmental immunity. She claims she offered summary judgment proof on acts of negligence for which governmental immu-

nity has been waived under Section 101.021 of the Texas Tort Claims Act (hereinafter "TTCA"). *See* TEX.CIV.PRAC. & REM.CODE ANN. § 101.001–.109 (Vernon 1986 & Supp. 1992).

Section 101.021 of the TTCA provides, in pertinent part, that a governmental unit in Texas is liable for:

.     .     .     .     .

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unity would, were it a private person, be liable to the claimant according to Texas law.

TEX.CIV.PRAC. & REM.CODE ANN. § 101.021 (Vernon 1986). We must determine, based on the summary judgment evidence, whether there exists a genuine issue that Ms. Tanner's personal injury was caused by a condition or use of tangible personal or real property under the TTCA.

In her response to the Center's motion for summary judgment, Ms. Tanner cited two allegations of negligence that she argued involve a condition or use of tangible personal or real property under the TTCA. First, she contended that the Center misused the policies and procedures manual (tangible personal property) when an employee advised Ms. Tanner that she was not allowed to give medication in the medication room. Second, Ms. Tanner argued that the Center failed to provide door stops, locks, chains, or other items that could have allowed her to keep other children out of rooms other than the medication room while she administered medication to a particular child.

Neither of Ms. Tanner's allegations involve acts for which governmental immunity has been waived under the TTCA. The allegation that a Center employee "misused" the policy and procedure manual is nothing more than a claim that the employee conveyed information that was not true. The incorrect information was intangible; the fact that the correct information was recorded in writing in the policies and procedures manual does not render the information tangible property. *University of Texas Medical Branch at Galveston v. York*, 871 S.W.2d 175, 179 (Tex. 1994). The allegation that the Center failed to provide door stops, locks, or chains is clearly aimed at the Center's failure to develop a policy with regard to the manner in which medication is administered to the Center's residents. The decision to develop such a policy is a discretionary act for which the Center is immune from suit and liability. *See Wenzel v. City of New Braunfels*, 852 S.W.2d 97, 99 (Tex.App.—Austin 1993, no writ).

Ms. Tanner relies heavily on the Texas Supreme Court's opinion in *Texas Dep't of Mental Health and Mental Retardation v. Petty*, 848 S.W.2d 680 (Tex.1992). However, since *Petty* was a plurality opinion without a majority agreement on the reasons supporting the judgment, its precedential value is limited. *York*, 871 S.W.2d at 176. Therefore, we do not consider it controlling, especially in light of the supreme court's recent opinion in *York*.

We conclude that the Center has shown that Ms. Tanner's allegations against the Center did not fall within the waiver of governmental immunity under the TTCA. The trial court did not err in determining that the Center was entitled to judgment as a matter of law.

The judgment of the trial court is **affirmed.**