Mary Ann **HARRISON**, Individually and As Representative of the Estate of Suzanne Harrison, Appellant,

v.

**TEXAS BOARD OF PARDONS AND PAROLES,** Appellee.

No. 06–94–00105–CV.

Court of Appeals of Texas, Texarkana.

Argued Feb. 2, 1995.

Decided Feb. 9, 1995.

Rehearing Overruled March 28, 1995.

**808** ■

Edward Blizzard, Williams, Blizzard, McCarthy, Houston, for appellant.

Chris Lemens, Asst. Atty. Gen., Austin, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

BLEIL, Justice.

Mary Ann Harrison appeals from an adverse summary judgment entered in her suit against the Texas Board of Pardons and Paroles to recover for the death of her daughter, who was murdered by a state prisoner released on mandatory supervision. The issue on appeal concerns whether the trial court erred in granting summary judgment because the Board failed to prove as a

matter of law that its Field Services Procedural Manual was not tangible personal property within the meaning of the Tort Claims Act. We resolve this question in favor of the Texas Board of Pardons and Paroles and affirm.

In July 1985, Jerry McFadden was released from prison under the mandatory supervision of the Texas Board of Pardons and Paroles. *See* TEX.CODE CRIM.PROC.ANN. art. 42.18 (Vernon Supp.1995). In May 1986, Jerry McFadden abducted, raped, and strangled Suzanne Harrison, the daughter of Mary Ann Harrison. Mary Ann Harrison sued the Texas Board of Pardons and Paroles under the wrongful death and survival statutes and the Texas Tort Claims Act, asserting that Board employees negligently misused the Field Services Procedural Manual provided to all parole supervision personnel. *See* TEX.CIV. PRAC. & REM.CODE ANN. §§ 71.001, et seq. (Vernon 1986 & Supp.1995) (Wrongful Death Act); TEX.CIV.PRAC. & REM.CODE ANN. §§ 101.001, et seq. (Vernon 1986 & Supp. 1995) (Tort Claims Act). The following provision in the field manual is the basis for Harrison's civil action against the Board:

> The Division of Parole Supervision requires that parole officers contact employers and personnel directors in person and endeavor to foster constructive, cooperative relationships with these persons.

McFadden was employed by a storage tank company from July 1985 until November 1985, but lost his job due to excessive absenteeism. No one from the parole supervision division contacted McFadden's employer, James Blair, who did not know that McFadden had a criminal history. Harrison alleged that the parole officers, if they had contacted Blair, would have learned that McFadden had accumulated excessive absences from work, was suspected of engaging in substance abuse, and had attempted to assault a female co-worker at her home. Harrison alleged that McFadden's actions, because they violated the terms of his release from prison, would have resulted in the Board's revoking McFadden's mandatory supervision and returning McFadden to prison before Suzanne Harrison's murder.

A movant for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to summary judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). A defendant who moves for summary judgment must either disprove at least one of the elements of each of the plaintiff's causes of action, or if the defendant moves for summary judgment based on an affirmative defense, establish all elements of the defense by uncontroverted summary judgment evidence. *See Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984); *Bradley v. Quality Serv. Tank Lines*, 659 S.W.2d 33, 34 (Tex.1983). The reviewing court takes all evidence favorable to the nonmovant as true and indulges every reasonable inference in favor of the nonmovant. *Nixon*, 690 S.W.2d at 548–49. Any doubts are resolved in favor of the nonmovant. *Id.* at 549.

The trial court's order states only that the court is of the opinion that Harrison's claim is not maintainable under the Tort Claims Act. When a trial court's order does not specify the grounds relied on for its ruling, we affirm the summary judgment if any of the theories advanced is meritorious. *Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 79 (Tex.1989).

Under the doctrine of sovereign immunity, a governmental entity is not liable for the negligence of its employees absent a constitutional or statutory provision waiving immunity. *See University of Texas Medical Branch v. York*, 871 S.W.2d 175, 177 (Tex. 1994); *Lowe v. Texas Tech Univ.*, 540 S.W.2d 297, 298 (Tex.1976). The state legislature enacted the Tort Claims Act to waive sovereign immunity in limited circumstances, not to abolish the doctrine of sovereign immunity. *York*, 871 S.W.2d at 177; *see also* TEX. CIV.PRAC. & REM.CODE ANN. § 101.025 (Vernon 1986).

The Board of Pardons and Paroles is a governmental unit as defined in the Tort Claims Act. TEX.CIV.PRAC. & REM.CODE ANN. § 101.001(2) (Vernon Supp.1995). It is liable for personal injury and death caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law. TEX.CIV. PRAC. & REM.CODE ANN. § 101.021(2) (Vernon 1986). In seeking summary judgment, the Board asserted that the manual was not tangible property within the meaning of the Tort Claims Act.

Tangible personal property refers to something that has a corporeal, concrete, and palpable existence. *York*, 871 S.W.2d at 178. Harrison urges that the field manual, which is a bound volume exceeding 200 pages in length, is tangible personal property because it can be handled, touched, and seen. Harrison views the manual as a piece of office equipment.

The supreme court has recognized that the paper upon which information is recorded is tangible in that it can be seen and touched, but has found that information itself is not tangible. *See York*, 871 S.W.2d at 179. Information is an abstract concept, and the fact that it is preserved in writing does not alter its intangible nature. *See id.* Similarly, the field manual is a compilation of intangible information.

Harrison complains of the use, misuse, or nonuse of information by employees of the Board of Pardons and Paroles as grounds for her suit under the Tort Claims Act. The supreme court has rejected this position, reasoning that to do otherwise would effectively eliminate the tangible property requirement and expose the state to liability in all cases in which the state has used, misused, or failed to use information that has been reduced to writing. *See id.; see also Washington v. City of Houston*, 874 S.W.2d 791, 795 (Tex. App.—Texarkana 1994, no writ) (holding that allegation of negligent use or nonuse of information contained in personnel file did not state claim under Tort Claims Act). The supreme court has recently stated that its reasoning in *York* extends to an emergency room procedures manual as well as medical records and patient files. *See Kassen v. Hatley*, 887 S.W.2d 4, 14 (Tex.1994); *see also Tanner v. East Texas Mental Health, Inc.*, 889 S.W.2d 3, 5 (Tex.App.—Tyler 1994, n.w.h.) (holding that employee's misuse of policy manual by giving incorrect information

810 ◼

was not act for which governmental immunity has been waived). This same reasoning also extends to the Field Services Procedural Manual provided to parole officers.

In the present circumstances, the field manual is not tangible personal property within the meaning of the Tort Claims Act; therefore, Harrison's suit does not fall within the Act's limited waiver of sovereign immunity. The trial court properly granted summary judgment in favor of the Board of Pardons and Paroles.

We affirm the judgment.