Kurt Garrison v. State et al.















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-173-CV

Â Â Â Â Â KURT GARRISON,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE TEXAS DEPARTMENT OF
Â Â Â Â Â PUBLIC SAFETY, ET AL.,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellees
 

From the 74th District Court
McLennan County, Texas
Trial Court # 2001-3049-3
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Kurt Garrison appeals an order granting a plea to the jurisdiction filed by Appellee Texas
Department of Public Safety. The court signed the order on April 26, 2002. Garrison timely
perfected his appeal on Tuesday, May 28, the day after Memorial Day.
Â Â Â Â Â Â Because Garrison filed a motion for new trial, the clerkâs record was due on Monday, August
26. The district clerk informed this Court by letter dated July 11 that Garrison had not paid the
fee for preparation of the clerkâs record or made arrangements to pay this fee.
Â Â Â Â Â Â Rule of Appellate Procedure 37.3(b) provides that if an appellant fails to pay or make
arrangements to pay the clerkâs fee for preparation of the record, the Court may:
dismiss the appeal for want of prosecution, unless the appellant was entitled to proceed
without payments of costs. The court must give the appellant a reasonable opportunity
to cure before dismissal.

Tex. R. App. P. 37.3(b).
Â Â Â Â Â Â More than thirty days have passed since the clerkâs record was due. By letter dated
September 6, 2002, we notified Garrison of this defect and warned him that his appeal would be
dismissed for want of prosecution if he did not make the necessary arrangements for the filing of
the clerkâs record. Id. 37.3(b), 42.3, 44.3. Garrison has not responded to our letter. Therefore,
this appeal is dismissed for want of prosecution. Id. 37.3(b). Costs are taxed against Garrison.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM
Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Gray
Dismissed for want of prosecution
Opinion delivered and filed October 9, 2002
Do not publish
[CV06]



issal , we are bound to take
as true the allegations in his petition.Â  Jackson v. Tex. DepÂt Crim.
Justice-Inst. Div., 28 S.W.3d 811, 813 (Tex. App.ÂCorpus Christi 2000, pet.
denied).

Â 

Brewer, 268 S.W.3d at 770.Â  

Â 

Â Â Â Â Â Â Â Â Â Â Â  Francis asserted a common-law
negligence claim against Arva King.Â  He alleged that King was the property
officer at the Boyd Unit and that she negligently destroyed his four family
photo albums containing more than 170 photos.Â  Specifically, Francis pled that
he left his photo albums with the property room to be picked up by his family
members at visitation.Â  When his family decided not to visit, Francis asked
King to return them to him.Â  King informed Francis that policy prevented them
from being returned to him and that unless they were picked up by his family,
they would be destroyed when the time for holding such property expired,
according to policy.Â  Francis alleged that the photo albums were then
negligently destroyed by King, but that no policy allowed for their
destruction.Â  He alleged that he suffered grief and emotional distress.[1]

Â Â Â Â Â Â Â Â Â Â Â  Francis asserted a
common-law negligence claim against Deborah Robinson.Â  He alleged that Robinson
is the prison law librarian and that she negligently denied him access to the
courts by denying him indigent legal supplies, legal books, visits to the law
library, legal visits with another inmate and by retaliating against him because
he had filed grievances against her.Â  Francis pled that he was prevented from
working on several cases and that he suffered Âemotional distress, anxiety,
discouragement, disappointment, anger, resentment and etc.Â

Â Â Â Â Â Â Â Â Â Â Â  Francis asserted a claim
under the Texas Tort Claims Act against TDCJ.Â  He alleged that King and Robinson
respectively used or misused TDCJ tangible property, namely, the property room,
administrative policies, the law library and law books, and indigent supplies,
and that this use or misuse injured him.Â  He also alleged that TDCJ failed to properly
train King and Robinson Âas they have misused and/or negligently implemented
policies with respect to their separate positions.Â

Â Â Â Â Â Â Â Â Â Â Â  Francis prayed for
compensatory damages for mental anguish, emotional distress, and pain and
suffering and for punitive damages.

Francis sued the TDCJ employees (King
and Robinson) and TDCJ, their governmental-unit employer, regarding the same
subject matter.Â  See Tex. Civ.
Prac. & Rem. Code Â§ 101.106 (Vernon 2011).Â  He specifically alleged
that, at all relevant times, King and Robinson were functioning in their
respective capacities as TDCJ employees (i.e., within the scope of their
employment), so the suit is considered to be against them in their official
capacity only.Â  See id. Â§ 101.106(f); Franka v. Velasquez, 332
S.W.3d 367, 381 (Tex. 2011) (ÂThis construction of section 101.106(f) does,
however, foreclose suit against a government employee in his individual
capacity if he was acting within the scope of employment.Â); Univ. of Tex.
Health Sci. Ctr. v. Bailey, 332 S.W.3d 395, 401-02 (Tex. 2011) (ÂUnder
section 101.106(f), the BaileysÂ suit against Sanders was, in all respects
other than name, a suit against the Center.Â); see also Tex. Civ. Prac. & Rem. Code Â§
101.106(e) (providing for dismissal of governmental employees on the governmental
unitÂs motion when suit under chapter 101 is filed against both governmental
unit and its employees). Â Therefore, FrancisÂs suit is, for all practical
purposes, only a suit against the government employer. Â See Franka, 332
S.W.3d at 382 & n.68; Bailey, 332 S.W.3d at 401-02.Â  His negligence
claims against the two employees thus have no arguable basis in law, and the
trial court did not err or abuse its discretion in dismissing them as
frivolous.

Accordingly, the only claim warranting
our review in this appeal is FrancisÂs claim under the Tort Claims Act against
TDCJ.

Under section 101.021(2) of the Tort
Claims Act, Francis can establish a waiver of immunity from suit and liability
only by establishing that he sustained personal injury proximately caused by Âa
condition or use of tangible personal or real property if the governmental unit
would, were it a private person, be liable to the claimant according to Texas
law.ÂÂ  Tex. Civ. Prac. & Rem. Code
Ann. Â§ 101.021(2) (Vernon 2011).

Francis specifically alleges that he was
injured by KingÂs use or negligent use of the TDCJ property policy
(ÂAdministrative Directives 3.72Â) and by RobinsonÂs misuse of ÂTDCJÂs Law
Library, its law books, its indigent supplies, and its Administrative
Directives, Policies.Â

It is clear that TDCJÂs policies and law
books are not considered tangible personal property for purposes of a claim
under section 101.021(2).Â  See Thomas v. Brown, 927 S.W.2d 122, 128 (Tex.
App.ÂHouston [14th Dist.] 1996, writ denied) (prison policy on use of legal
materials); Amador v. San Antonio State Hosp., 993 S.W.2d 253, 256 (Tex.
App.ÂSan Antonio 1999, pet. denied) (policies, standards, and publications); Tanner
v. East Tex. Mental Health, Inc., 889 S.W.2d 3, 5 (Tex. App.ÂTyler 1994, no
writ) (policies and procedures manual); Harrison v. Texas Bd. of Pardons
& Paroles, 895 S.W.2d 807, 809-10 (Tex. App.ÂTexarkana 1995, writ
denied) (procedural manual).Â  Such information is intangible.Â  See Univ.
of Tex. Med. Branch v. York, 871 S.W.2d 175, 179 (Tex. 1994).Â  FrancisÂs
real complaint concerns RobinsonÂs alleged denial of FrancisÂs use of the
libraryÂs information, which is intangible.Â  See id.

As for the indigent legal supplies, in
general the nonuse of tangible personal property will not support a claim under
section 101.021(2). Â See Dallas Cty. v. Posey, 290 S.W.3d 869, 871 (Tex.
2009); Hardin Cty. SheriffÂs Dept. v. Smith, 290 S.W.3d 550, 553 (Tex.
App.ÂBeaumont 2009, no pet.); Arnold v. Univ. of Tex. Southwestern Med.
Ctr., 279 S.W.3d 464, 468 (Tex. App.ÂDallas 2009, no pet.).

For the above reasons, FrancisÂs claim
under the Tort Claims Act has no arguable basis in law, and the trial court did
not err or abuse its discretion in dismissing it as frivolous.

We overrule FrancisÂs sole issue and
affirm the trial courtÂs order of dismissal.

Â 

Â 

REX D. DAVIS

Justice

Â 

Before Chief
Justice Gray,

Â Â Â Â Â Â Â Â Â Â Â  Justice
Davis, and 

Justice
Scoggins

Affirmed

Opinion
delivered and filed June 15, 2011

[CV06]









[1] Were we to address the merits of the
negligence claim against King, we would first note that Texas does not
recognize a cause of action for negligent infliction of emotional distress.Â  Twyman
v. Twyman, 855 S.W.2d 619, 621 (Tex. 1993).

Â