

# IN THE
## TENTH COURT OF APPEALS

### No. 10-09-00112-CV

**CURTIS R. FRANCIS,**

                                     **Appellant**

 **v.**

**ARVA KING, ET AL.**

                                     **Appellee**

---

### From the 87th District Court
### Freestone County, Texas
### Trial Court No. 09-059B

---

## MEMORANDUM OPINION

---

Curtis R. Francis (referred to also as Curtis R. Francis-Bay and Curtis R. Francis, Bay in some of his pleadings) sued two Texas Department of Criminal Justice (TDCJ) employees for negligence and sued the TDCJ under the Texas Tort Claims Act. The trial court dismissed the case before service. Francis appeals, asserting in one issue that the trial court abused its discretion in dismissing the case. We will affirm.

Section 14.003 of the Civil Practice and Remedies Code allows a trial court to dismiss a suit filed by an indigent inmate, either before or after service of process, if the

court finds that the claim is frivolous or malicious.  Tex. Civ. Prac. & Rem. Code Ann. §

14.003(a)(2) (Vernon 2002).  Generally, the dismissal of inmate litigation under Chapter

14 is reviewed for abuse of discretion.  *Brewer v. Simental,* 268 S.W.3d 763, 767 (Tex.

App.—Waco 2008, no pet.).

> A trial court may dismiss a claim as frivolous under chapter 14 if "the claim has no arguable basis in law or in fact."  *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2), (b)(2) (Vernon 2002); *Hamilton v. Williams,* 298 S.W.3d 334, 339 (Tex. App.—Fort Worth 2009, pet. denied).  "A claim has no arguable basis in law if it relies upon an indisputably meritless legal theory."  *Hamilton,* 298 S.W.3d at 339.  When, as here, there has been no fact hearing, our review is limited to the question of whether the claim has an arguable basis in law.  *Id.; Brewer,* 268 S.W.3d at 770.  We may affirm the dismissal if it was proper under any applicable legal theory. *Hamilton v. Pechacek,* 319 S.W.3d 801, 809 (Tex. App.—Fort Worth 2010, no pet.).  If the claim has no arguable basis in law, then dismissal with prejudice is proper.  *Hamilton,* 298 S.W.3d at 340.

*Fernandez v. T.D.C.J.,* --- S.W.3d ---, ---, 2010 WL 5418996, at *4 (Tex. App.—Waco Dec.

22, 2010, no pet.) (footnote omitted).

> The issue of whether there was an arguable basis in law is a legal question that we review de novo.  *Id.; Moreland v. Johnson,* 95 S.W.3d 392, 394 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

> To determine whether the trial court properly decided there was no arguable basis in law … , we examine the types of relief and causes of action … to determine whether, as a matter of law, the petition stated a cause of action that would authorize relief.  *Johns,* 2005 WL 428465, at *1; *Spurlock,* 88 S.W.3d at 736.  We review and evaluate pro se pleadings by standards less stringent than those applied to formal pleadings drafted by lawyers.  *Spurlock,* 88 S.W.3d at 736 (citing *Thomas v. Collins,* 860 S.W.2d 500, 503 (Tex. App.—Houston [1st Dist.] 1993, writ denied)).  Also, in reviewing the dismissal …, we are bound to take as true the allegations in his petition.  *Jackson v. Tex. Dep't Crim. Justice-Inst. Div.,* 28 S.W.3d 811, 813 (Tex. App.—Corpus Christi 2000, pet. denied).

*Brewer,* 268 S.W.3d at 770.

Francis asserted a common-law negligence claim against Arva King. He alleged that King was the property officer at the Boyd Unit and that she negligently destroyed his four family photo albums containing more than 170 photos. Specifically, Francis pled that he left his photo albums with the property room to be picked up by his family members at visitation. When his family decided not to visit, Francis asked King to return them to him. King informed Francis that policy prevented them from being returned to him and that unless they were picked up by his family, they would be destroyed when the time for holding such property expired, according to policy. Francis alleged that the photo albums were then negligently destroyed by King, but that no policy allowed for their destruction. He alleged that he suffered grief and emotional distress.[1]

Francis asserted a common-law negligence claim against Deborah Robinson. He alleged that Robinson is the prison law librarian and that she negligently denied him access to the courts by denying him indigent legal supplies, legal books, visits to the law library, legal visits with another inmate and by retaliating against him because he had filed grievances against her. Francis pled that he was prevented from working on several cases and that he suffered "emotional distress, anxiety, discouragement, disappointment, anger, resentment and etc."

Francis asserted a claim under the Texas Tort Claims Act against TDCJ. He alleged that King and Robinson respectively used or misused TDCJ tangible property,

---

[1] Were we to address the merits of the negligence claim against King, we would first note that Texas does not recognize a cause of action for negligent infliction of emotional distress. *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993).

namely, the property room, administrative policies, the law library and law books, and indigent supplies, and that this use or misuse injured him. He also alleged that TDCJ failed to properly train King and Robinson "as they have misused and/or negligently implemented policies with respect to their separate positions."

Francis prayed for compensatory damages for mental anguish, emotional distress, and pain and suffering and for punitive damages.

Francis sued the TDCJ employees (King and Robinson) and TDCJ, their governmental-unit employer, regarding the same subject matter. *See* TEX. CIV. PRAC. & REM. CODE § 101.106 (Vernon 2011). He specifically alleged that, at all relevant times, King and Robinson were functioning in their respective capacities as TDCJ employees (*i.e.*, within the scope of their employment), so the suit is considered to be against them in their official capacity only. *See id.* § 101.106(f); *Franka v. Velasquez*, 332 S.W.3d 367, 381 (Tex. 2011) ("This construction of section 101.106(f) does, however, foreclose suit against a government employee in his individual capacity if he was acting within the scope of employment."); *Univ. of Tex. Health Sci. Ctr. v. Bailey*, 332 S.W.3d 395, 401-02 (Tex. 2011) ("Under section 101.106(f), the Baileys' suit against Sanders was, in all respects other than name, a suit against the Center."); *see also* TEX. CIV. PRAC. & REM. CODE § 101.106(e) (providing for dismissal of governmental employees on the governmental unit's motion when suit under chapter 101 is filed against both governmental unit and its employees). Therefore, Francis's suit is, for all practical purposes, only a suit against the government employer. *See Franka*, 332 S.W.3d at 382 & n.68; *Bailey*, 332 S.W.3d at 401-02. His negligence claims against the two employees thus

have no arguable basis in law, and the trial court did not err or abuse its discretion in dismissing them as frivolous.

Accordingly, the only claim warranting our review in this appeal is Francis's claim under the Tort Claims Act against TDCJ.

Under section 101.021(2) of the Tort Claims Act, Francis can establish a waiver of immunity from suit and liability only by establishing that he sustained personal injury proximately caused by "a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2) (Vernon 2011).

Francis specifically alleges that he was injured by King's use or negligent use of the TDCJ property policy ("Administrative Directives 3.72") and by Robinson's misuse of "TDCJ's Law Library, its law books, its indigent supplies, and its Administrative Directives, Policies."

It is clear that TDCJ's policies and law books are not considered tangible personal property for purposes of a claim under section 101.021(2). *See Thomas v. Brown,* 927 S.W.2d 122, 128 (Tex. App.—Houston [14th Dist.] 1996, writ denied) (prison policy on use of legal materials); *Amador v. San Antonio State Hosp.,* 993 S.W.2d 253, 256 (Tex. App.—San Antonio 1999, pet. denied) (policies, standards, and publications); *Tanner v. East Tex. Mental Health, Inc.,* 889 S.W.2d 3, 5 (Tex. App.—Tyler 1994, no writ) (policies and procedures manual); *Harrison v. Texas Bd. of Pardons & Paroles,* 895 S.W.2d 807, 809-10 (Tex. App.—Texarkana 1995, writ denied) (procedural manual). Such information is intangible. *See Univ. of Tex. Med. Branch v. York,* 871 S.W.2d 175, 179 (Tex. 1994).

Francis's real complaint concerns Robinson's alleged denial of Francis's use of the library's information, which is intangible. *See id.*

As for the indigent legal supplies, in general the nonuse of tangible personal property will not support a claim under section 101.021(2). *See Dallas Cty. v. Posey*, 290 S.W.3d 869, 871 (Tex. 2009); *Hardin Cty. Sheriff's Dept. v. Smith*, 290 S.W.3d 550, 553 (Tex. App.—Beaumont 2009, no pet.); *Arnold v. Univ. of Tex. Southwestern Med. Ctr.*, 279 S.W.3d 464, 468 (Tex. App.—Dallas 2009, no pet.).

For the above reasons, Francis's claim under the Tort Claims Act has no arguable basis in law, and the trial court did not err or abuse its discretion in dismissing it as frivolous.

We overrule Francis's sole issue and affirm the trial court's order of dismissal.


REX D. DAVIS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed June 15, 2011
[CV06]