IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00112-CV

 

Curtis R. Francis,

                                                                                    Appellant

 v.

 

Arva King, ET AL.

                                                                                    Appellee

 

 

 



From the 87th District
Court

Freestone County, Texas

Trial Court No. 09-059B

 



MEMORANDUM  Opinion



 








            Curtis R. Francis (referred
to also as Curtis R. Francis-Bay and Curtis R. Francis, Bay in some of his
pleadings) sued two Texas Department of Criminal Justice (TDCJ) employees for
negligence and sued the TDCJ under the Texas Tort Claims Act.  The trial court
dismissed the case before service.  Francis appeals, asserting in one issue
that the trial court abused its discretion in dismissing the case.  We will
affirm.

Section 14.003 of the Civil Practice and
Remedies Code allows a trial court to dismiss a suit filed by an indigent
inmate, either before or after service of process, if the court finds that the
claim is frivolous or malicious.  Tex.
Civ. Prac. & Rem. Code Ann. § 14.003(a)(2) (Vernon 2002).  Generally,
the dismissal of inmate litigation under Chapter 14 is reviewed for abuse of discretion. 
Brewer v. Simental, 268 S.W.3d 763, 767 (Tex. App.—Waco 2008, no pet.).

            A trial court may dismiss a
claim as frivolous under chapter 14 if “the claim has no arguable basis in law
or in fact.”  See Tex. Civ. Prac.
& Rem. Code Ann. § 14.003(a)(2), (b)(2) (Vernon 2002); Hamilton
v. Williams, 298 S.W.3d 334, 339 (Tex. App.—Fort Worth 2009, pet. denied). 
“A claim has no arguable basis in law if it relies upon an indisputably
meritless legal theory.”  Hamilton, 298 S.W.3d at 339.  When, as here,
there has been no fact hearing, our review is limited to the question of
whether the claim has an arguable basis in law.  Id.; Brewer, 268 S.W.3d at 770.  We may affirm the
dismissal if it was proper under any applicable legal theory.  Hamilton v. Pechacek, 319 S.W.3d 801, 809 (Tex. App.—Fort
Worth 2010, no pet.).  If the claim has no arguable basis in law, then
dismissal with prejudice is proper.  Hamilton, 298 S.W.3d at 340.

 

Fernandez v. T.D.C.J., --- S.W.3d ---, ---, 2010 WL 5418996,
at *4 (Tex. App.—Waco Dec. 22, 2010, no pet.) (footnote omitted).

            The issue of whether there
was an arguable basis in law is a legal question that we review de novo.  Id.;
Moreland v. Johnson, 95 S.W.3d 392, 394 (Tex. App.—Houston [1st Dist.]
2002, no pet.).

 

            To determine whether the
trial court properly decided there was no arguable basis in law … , we examine
the types of relief and causes of action … to determine whether, as a matter of
law, the petition stated a cause of action that would authorize relief.  Johns,
2005 WL 428465, at *1; Spurlock, 88 S.W.3d at 736.  We review and
evaluate pro se pleadings by standards less stringent than those applied to
formal pleadings drafted by lawyers.  Spurlock, 88 S.W.3d at 736 (citing
Thomas v. Collins, 860 S.W.2d 500, 503 (Tex. App.—Houston [1st Dist.]
1993, writ denied)).  Also, in reviewing the dismissal …, we are bound to take
as true the allegations in his petition.  Jackson v. Tex. Dep’t Crim.
Justice-Inst. Div., 28 S.W.3d 811, 813 (Tex. App.—Corpus Christi 2000, pet.
denied).

 

Brewer, 268 S.W.3d at 770.  

 

            Francis asserted a common-law
negligence claim against Arva King.  He alleged that King was the property
officer at the Boyd Unit and that she negligently destroyed his four family
photo albums containing more than 170 photos.  Specifically, Francis pled that
he left his photo albums with the property room to be picked up by his family
members at visitation.  When his family decided not to visit, Francis asked
King to return them to him.  King informed Francis that policy prevented them
from being returned to him and that unless they were picked up by his family,
they would be destroyed when the time for holding such property expired,
according to policy.  Francis alleged that the photo albums were then
negligently destroyed by King, but that no policy allowed for their
destruction.  He alleged that he suffered grief and emotional distress.[1]

            Francis asserted a
common-law negligence claim against Deborah Robinson.  He alleged that Robinson
is the prison law librarian and that she negligently denied him access to the
courts by denying him indigent legal supplies, legal books, visits to the law
library, legal visits with another inmate and by retaliating against him because
he had filed grievances against her.  Francis pled that he was prevented from
working on several cases and that he suffered “emotional distress, anxiety,
discouragement, disappointment, anger, resentment and etc.”

            Francis asserted a claim
under the Texas Tort Claims Act against TDCJ.  He alleged that King and Robinson
respectively used or misused TDCJ tangible property, namely, the property room,
administrative policies, the law library and law books, and indigent supplies,
and that this use or misuse injured him.  He also alleged that TDCJ failed to properly
train King and Robinson “as they have misused and/or negligently implemented
policies with respect to their separate positions.”

            Francis prayed for
compensatory damages for mental anguish, emotional distress, and pain and
suffering and for punitive damages.

Francis sued the TDCJ employees (King
and Robinson) and TDCJ, their governmental-unit employer, regarding the same
subject matter.  See Tex. Civ.
Prac. & Rem. Code § 101.106 (Vernon 2011).  He specifically alleged
that, at all relevant times, King and Robinson were functioning in their
respective capacities as TDCJ employees (i.e., within the scope of their
employment), so the suit is considered to be against them in their official
capacity only.  See id. § 101.106(f); Franka v. Velasquez, 332
S.W.3d 367, 381 (Tex. 2011) (“This construction of section 101.106(f) does,
however, foreclose suit against a government employee in his individual
capacity if he was acting within the scope of employment.”); Univ. of Tex.
Health Sci. Ctr. v. Bailey, 332 S.W.3d 395, 401-02 (Tex. 2011) (“Under
section 101.106(f), the Baileys’ suit against Sanders was, in all respects
other than name, a suit against the Center.”); see also Tex. Civ. Prac. & Rem. Code §
101.106(e) (providing for dismissal of governmental employees on the governmental
unit’s motion when suit under chapter 101 is filed against both governmental
unit and its employees).  Therefore, Francis’s suit is, for all practical
purposes, only a suit against the government employer.  See Franka, 332
S.W.3d at 382 & n.68; Bailey, 332 S.W.3d at 401-02.  His negligence
claims against the two employees thus have no arguable basis in law, and the
trial court did not err or abuse its discretion in dismissing them as
frivolous.

Accordingly, the only claim warranting
our review in this appeal is Francis’s claim under the Tort Claims Act against
TDCJ.

Under section 101.021(2) of the Tort
Claims Act, Francis can establish a waiver of immunity from suit and liability
only by establishing that he sustained personal injury proximately caused by “a
condition or use of tangible personal or real property if the governmental unit
would, were it a private person, be liable to the claimant according to Texas
law.”  Tex. Civ. Prac. & Rem. Code
Ann. § 101.021(2) (Vernon 2011).

Francis specifically alleges that he was
injured by King’s use or negligent use of the TDCJ property policy
(“Administrative Directives 3.72”) and by Robinson’s misuse of “TDCJ’s Law
Library, its law books, its indigent supplies, and its Administrative
Directives, Policies.”

It is clear that TDCJ’s policies and law
books are not considered tangible personal property for purposes of a claim
under section 101.021(2).  See Thomas v. Brown, 927 S.W.2d 122, 128 (Tex.
App.—Houston [14th Dist.] 1996, writ denied) (prison policy on use of legal
materials); Amador v. San Antonio State Hosp., 993 S.W.2d 253, 256 (Tex.
App.—San Antonio 1999, pet. denied) (policies, standards, and publications); Tanner
v. East Tex. Mental Health, Inc., 889 S.W.2d 3, 5 (Tex. App.—Tyler 1994, no
writ) (policies and procedures manual); Harrison v. Texas Bd. of Pardons
& Paroles, 895 S.W.2d 807, 809-10 (Tex. App.—Texarkana 1995, writ
denied) (procedural manual).  Such information is intangible.  See Univ.
of Tex. Med. Branch v. York, 871 S.W.2d 175, 179 (Tex. 1994).  Francis’s
real complaint concerns Robinson’s alleged denial of Francis’s use of the
library’s information, which is intangible.  See id.

As for the indigent legal supplies, in
general the nonuse of tangible personal property will not support a claim under
section 101.021(2).  See Dallas Cty. v. Posey, 290 S.W.3d 869, 871 (Tex.
2009); Hardin Cty. Sheriff’s Dept. v. Smith, 290 S.W.3d 550, 553 (Tex.
App.—Beaumont 2009, no pet.); Arnold v. Univ. of Tex. Southwestern Med.
Ctr., 279 S.W.3d 464, 468 (Tex. App.—Dallas 2009, no pet.).

For the above reasons, Francis’s claim
under the Tort Claims Act has no arguable basis in law, and the trial court did
not err or abuse its discretion in dismissing it as frivolous.

We overrule Francis’s sole issue and
affirm the trial court’s order of dismissal.

 

 

REX D. DAVIS

Justice

 

Before Chief
Justice Gray,

            Justice
Davis, and 

Justice
Scoggins

Affirmed

Opinion
delivered and filed June 15, 2011

[CV06]









[1] Were we to address the merits of the
negligence claim against King, we would first note that Texas does not
recognize a cause of action for negligent infliction of emotional distress.  Twyman
v. Twyman, 855 S.W.2d 619, 621 (Tex. 1993).

 








rmal style='text-indent:.5in'>Justice
Reyna

Affirmed

Opinion delivered and
filed September 13, 2006

Do not publish

[CRPM]