**Opinion issued November 20, 2018**



In The

# Court of Appeals

For The

# First District of Texas

―――――――――――――

## NO. 01-18-00068-CV

―――――――――――――

## WILLIAM E. JOHNSON, Appellant

## V.

## DAVID GUTIERREZ AND KEN PAXTON, Appellees

―――――――――――――

### On Appeal from the 126th District Court
### Travis County, Texas[1]
### Trial Court Case No. D-1-GN-16-002392

―――――――――――――

### MEMORANDUM OPINION

---

[1] Pursuant to its docket equalization authority, the Supreme Court of Texas transferred this appeal to this Court. *See* Misc. Docket No. 18–9010 (Tex. Jan. 12, 2018); *see also* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2013) (authorizing transfer of cases).

In this interlocutory appeal,[2] appellant, William E. Johnson, challenges the trial court's order dismissing his claims for false imprisonment, "official oppression," kidnapping, "deprivation of liberty," and violation of his constitutional rights[3] against appellees, David Gutierrez[4] and Ken Paxton[5] (collectively, "appellees").[6] In his sole issue, Johnson contends that the trial court erred in granting appellees' motion to dismiss his claims.[7]

We affirm in part and dismiss in part.

**Background**

In his petition, Johnson alleged that his "illegally court-imposed sentence [of confinement] expired [on] August 2, 2013," but the "Board of Pardons & Paroles refused to issue [a] [d]ischarge [c]ertificate at [the] end of [his] sentence" and he was "held . . . beyond the term of [his] [j]udicially court-imposed sentence." Further, during 2014, he was "repeatedly falsely arrest[ed]," and "[o]n August 27, 2014, . . . a bogus 'Blue Warrant' for [his] arrest" was issued "with full knowledge that [his]

---

[2]    *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (Vernon Supp. 2018).

[3]    *See* 42 U.S.C. § 1983.

[4]    David Gutierrez is the chair of the Texas Board of Pardons and Paroles.

[5]    Ken Paxton is the Attorney General of the State of Texas.

[6]    Appellant has brought claims against other defendants, who are not parties to this appeal, which remain pending in the trial court.

[7]    *See* TEX. R. CIV. P. 91a ("[A] party may move to dismiss a cause of action on the grounds that it has no basis in law or fact.").

2

sentenced had ceased to run." Johnson was then "illegally detained . . . with no conviction running and without [d]ue [p]rocess of [l]aw having transpired." And he alleged that time was "illegally" added "to the end of [his] court-imposed sentence."

Johnson brought claims against appellees in their official capacities for false imprisonment, "official oppression," kidnapping, "deprivation of liberty," and violation of his constitutional rights,[8] and he sought monetary damages and unspecified declaratory and injunctive relief. Johnson alleged that immunity was waived pursuant to the Texas Tort Claims Act ("TTCA"),[9] the Texas Declaratory Judgment Act ("DJA"),[10] and the Eleventh Amendment to the United States Constitution.

Appellees moved to dismiss[11] Johnson's claims against them, asserting that Gutierrez is the Presiding Officer of the Texas Board of Pardons and Paroles and Paxton is the Attorney General of the State of Texas; governmental entities in Texas are immune from suit and cannot be held liable for damages unless a plaintiff's claims fall squarely within the limited statutory waiver of sovereign immunity; Johnson's tort claims are barred by sovereign immunity and do not fall under "any

---

[8]     *See* 42 U.S.C. § 1983.

[9]     *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001–.109 (Vernon 2011 & Supp. 2018).

[10]    *See id.* §§ 37.001–.011 (Vernon 2015).

[11]    *See* TEX. R. CIV. P. 91a.

of the limited waivers of sovereign immunity under the [TTCA]"; and Johnson's claim for violation of his constitutional rights is barred by the statute of limitations and because he does not allege facts showing appellees' personal involvement.

After a hearing, the trial court granted appellees' motion, dismissing all of Johnson's claims against them.

## Jurisdiction

As a threshold matter, appellees argue that this Court lacks jurisdiction over this appeal because the trial court's order dismissing Johnson's claims against them is "an interlocutory order, not a final judgment."

"[C]ourts always have jurisdiction to determine their own jurisdiction." *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 146 n.14 (Tex. 2012) (internal quotations omitted). Whether we have jurisdiction is a question of law, which we review de novo. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). Generally, appeals may be taken only from final judgments. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Interlocutory orders may be appealed only if permitted by statute. *Koseoglu*, 233 S.W.3d at 840; *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (Vernon Supp. 2018) (authorizing appeals from certain interlocutory orders). We must "strictly apply statutes granting interlocutory appeals because they are a narrow exception to the general rule that interlocutory orders are

4

not immediately appealable." *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011); *see also Schlumberger Tech. Corp. v. Baker Hughes Inc.*, 355 S.W.3d 791, 796 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

Appellees argue that the trial court's order is interlocutory because although the trial court granted appellees' motion, "claims [still] remain against multiple different defendants," only Johnson's claims against appellees were dismissed from the suit, and a trial court's order is interlocutory if it "does not dispose of all parties and all claims in [a] case." Appellees further assert that Texas Civil Practice and Remedies Code section 51.014 does not permit an interlocutory appeal of the trial court's order in this case.

A party may appeal from an interlocutory order that "grants or denies a plea to the jurisdiction by a governmental unit." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8). Under this section, an interlocutory appeal may be had when a trial court grants the challenge of a governmental unit[12] to subject-matter jurisdiction, "irrespective of the procedural vehicle used." *Thomas v. Long*, 207 S.W.3d 334, 339 (Tex. 2006) ("To be entitled to an interlocutory appeal, section 51.014(a)(8) requires the [grant or] denial of a jurisdictional challenge."); *see also Tex. Dep't of Criminal*

---

[12]     *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3) (defining governmental unit); *see also Cornyn v. Fifty-Two Members of Schoppa Family*, 70 S.W.3d 895, 898 (Tex. App.—Amarillo 2001, no pet.); *Harrison v. Tex. Bd. of Pardons & Paroles*, 895 S.W.2d 807, 809 (Tex. App.—Texarkana 1995, writ denied).

*Justice v. Simons*, 140 S.W.3d 338, 349 (Tex. 2004); *City of Austin v. Liberty Mut. Ins.*, 431 S.W.3d 817, 822 (Tex. App.—Austin 2014, no pet.) ("[T]he Rule 91a motion challenged the trial court's subject-matter jurisdiction over the claims asserted; therefore, section 51.014(a)(8) affords [a party] a right to an interlocutory appeal . . . ."). Notably, the availability of an interlocutory appeal is not decided by the style or caption of a motion but is determined by the substance of the motion and the relief sought. *See Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999); *see also Simons*, 140 S.W.3d at 349.

Appellees, in their rule 91a motion, moved to dismiss Johnson's tort claims against them on the ground that they are barred by sovereign immunity and do not fall under "any of the limited waivers of sovereign immunity under the [TTCA]." And the trial court granted appellees' challenge to its subject-matter jurisdiction based on sovereign immunity and dismissed Johnson's tort claims. Accordingly, we hold that we have jurisdiction to review the portion of the trial court's order dismissing Johnson's tort claims on the basis of sovereign immunity. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8); *Thomas*, 207 S.W.3d at 339; *Simons*, 140 S.W.3d at 349.

Appellees, in their rule 91a motion, also moved to dismiss Johnson's claim for violation of his constitutional rights because it is barred by the statute of limitations and Johnson does not allege facts showing appellees' personal

6

involvement. Although the trial court, in its order, dismissed Johnson's claim for violation of his constitutional rights, neither Texas Civil Practice and Remedies Code section 51.014, nor any other statute, permits an interlocutory appeal from that portion of the trial court's order. Accordingly, we hold that the portion of the trial court's order granting appellees' motion to dismiss Johnson's claim for violation of his constitutional rights is not appealable by interlocutory appeal, and we dismiss that portion of Johnson's appeal. *See* TEX. R. APP. P. 42.3(a), 43.2(f); *Schlumberger Ltd. v. Rutherford*, 472 S.W.3d 881, 883–84, 895 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (dismissing for lack of jurisdiction portion of interlocutory appeal); *Astoria Indus. of Iowa, Inc. v. SNF, Inc.*, 223 S.W.3d 616, 627–28 (Tex. App.—Fort Worth 2007, pet. denied) (limiting scope of interlocutory review to portion of order denying summary judgment on claims defended on free-speech grounds, and not other parts of same order).

## Sovereign Immunity

In his sole issue, Johnson argues that the trial court erred in dismissing his tort claims against appellees because the DJA and the Eleventh Amendment to the United States Constitution waive appellees' immunity.

Whether a trial court has subject-matter jurisdiction over a case is a question of law, which we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). A plea to the jurisdiction is a dilatory plea that seeks

7

dismissal of a case for lack of subject-matter jurisdiction. *Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *Villarreal v. Harris Cty.*, 226 S.W.3d 537, 541 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Because appellees used a rule 91a motion to challenge the trial court's subject-matter jurisdiction, it effectively constitutes a plea to the jurisdiction, and we review the trial court's order using the standard of review for a plea to the jurisdiction that challenges only the pleadings. *See City of Austin*, 431 S.W.3d at 822 n.1.

Sovereign immunity and its counterpart, governmental immunity, exist to protect the State and its political subdivisions from lawsuits and liability for money damages. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008). Generally, a public official sued in his official capacity is protected by the same sovereign or governmental immunity as the governmental unit he represents. *See Koseoglu*, 233 S.W.3d at 843–44; *Satterfield & Pontikes Constr., Inc. v. Tex. S. Univ.*, 472 S.W.3d 426, 435 (Tex. App.—Houston [1st Dist.] 2015, pet. denied).

Texas Rule of Appellate Procedure 38.1(i) requires that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). "This requirement is not satisfied by conclusory statements." *Marin Real Estate Partners, L.P. v. Vogt*, 373 S.W.3d 57, 75 (Tex. App.—San Antonio 2011, no pet.); *Yoonessi v. D'Arcy*, No. 05-07-00689-CV, 2008 WL 4981631, at *1 (Tex. App.—Dallas Nov. 25, 2008,

8

pet. denied) (mem. op.) (pro se appellant bears burden of discussing his assertions of error). A failure to provide substantive analysis of an issue or cite appropriate authority waives a complaint on appeal. *Vogt*, 373 S.W.3d at 75; *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.); *Cervantes-Peterson v. Tex. Dep't of Family & Protective Servs.*, 221 S.W.3d 244, 255 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Although Johnson, in his brief, asserts that the DJA and the Eleventh Amendment waive appellees' immunity, he does not actually explain or provide analysis as to how or why either the DJA or the Eleventh Amendment would apply to waive appellees' immunity for his tort claims. And the authorities that he does cite in his brief do not support his assertion that appellees' immunity for Johnson's tort claims is waived by either the DJA or the Eleventh Amendment. *See* TEX. R. APP. P. 38.1(i); *Thompson v. HSBC Bank USA*, No. 01-14-00589-CV, 2015 WL 3981799, at *3 (Tex. App.—Houston [1st Dist.] June 30, 2015, no pet.) (mem. op.) (issue waived where appellants did not "present[] a cogent argument to support [their] issue"); *Huey*, 200 S.W.3d at 854 ("We have no duty to brief appellant's issue for [him]. Failure to cite to applicable authority or provide substantive analysis waives an issue on appeal."); *see also Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978) (pro se litigants held to same standards as licensed attorneys and required to comply with applicable laws and rules of procedure);

9

*Hopes-Fontenot v. Farmers New World Life Ins. Co.*, No. 01-12-00286-CV, 2013 WL 4399218, at *1 (Tex. App.—Houston [1st Dist.] Aug. 15, 2013, no pet.) (mem. op.) (pro se litigant must properly present his case on appeal; we "may not make allowances or apply different standards for litigants appearing without . . . counsel").

Further, we note that in his petition, Johnson alleged that immunity was waived pursuant to the TTCA, and appellees, in their rule 91a motion, asserted that Johnson's tort claims against them are barred by sovereign immunity and the claims do not fall under "any of the limited waivers of sovereign immunity under the [TTCA]." Johnson has not argued on appeal that the trial court erred in dismissing his tort claims against appellees on the ground that his claims did not allege a waiver of immunity under the TTCA. *See* TEX. R. APP. P. 38.1(i). By failing to challenge one possible ground of the trial court's ruling, Johnson has waived any error by the trial court in dismissing his tort claims against appellees. *See Ollie v. Plano Indep. Sch. Dist.*, 383 S.W.3d 783, 790–91 (Tex. App.—Dallas 2012, pet. denied); *Britton v. Tex. Dep't of Criminal Justice*, 95 S.W.3d 676, 681–82 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *see also Davison v. Plano Indep. Sch. Dist.*, No. 05-12-01308-CV, 2014 WL 1018212, at *5 (Tex. App.—Dallas Feb. 20, 2014, no pet.) (mem. op.) ("Because [appellant] d[id] not challenge the sustaining of the jurisdictional plea on the ground that her claims did not allege a waiver of immunity

under the TTCA, she . . . waived any error by the trial court in dismissing her tort claims against appellees, and the decision to dismiss her tort claims must be affirmed.").

Accordingly, we hold that Johnson has waived his sole issue.

## Conclusion

We affirm the portion of the trial court's order dismissing Johnson's tort claims against appellees on the basis of sovereign immunity. We dismiss, for lack of jurisdiction, Johnson's appeal of the portion of the trial court's order dismissing his claim for violation of his constitutional rights against appellees. We dismiss all pending motions as moot.

Terry Jennings
Justice

Panel consists of Justices Jennings, Higley, and Massengale.

11