*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*





# OPINION

No. 04-11-00380-CV

**TEXAS PARKS AND WILDLIFE DEPARTMENT**,
Appellant

v.

Teodora **VILLARREAL**,
Appellee

From the 381st Judicial District Court, Starr County, Texas
Trial Court No. DC-10-525
Honorable Jose Luis Garza, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:        Karen Angelini, Justice
               Rebecca Simmons, Justice
               Steven C. Hilbig, Justice

Delivered and Filed:  December 30, 2011

AFFIRMED

This is an interlocutory appeal from the denial of Texas Parks and Wildlife Department's

("TPWD") motion to dismiss Teodora Villarreal's lawsuit pursuant to section 101.106(b) of the

Texas Civil Practices and Remedies Code. We affirm the trial court's order.

## BACKGROUND

This case arises out of a car accident involving Villarreal and Don Hudson, an employee of TPWD. Villarreal sued TPWD and Hudson, and in the opening paragraph of her petition Villarreal stated:

> NOW COMES, **Teodora Villarreal**, Plaintiff herein, complaining of Defendants **Texas Parks and Wildlife Department** and **Don C. Hudson, In His Official Capacity Only**, and for such cause of action would respectfully show the Court and Jury as follows:

(emphasis in original). Each time Don C. Hudson is named in the original petition he is referred to as "**Don C. Hudson, In His Official Capacity Only**." In the prayer, Villarreal sought judgment against TPWD only.

On December 13, 2010, TPWD filed its original answer. On December 22, 2010, Hudson filed his original answer and a motion to dismiss pursuant to section 101.106 (a) & (e) of the Texas Civil Practice and Remedies Code. The hearing on the motion was set for February 9, 2011, but before the hearing date and within fifteen days from the date the motion was filed, Villarreal amended her petition and stated:

> NOW COMES, **Teodora Villarreal**, Plaintiff herein, complaining of Defendant **Texas Parks and Wildlife Department**, via Respondeat Superior, for the conduct of its Employee, Don C. Hudson….

In April 2011, TPWD filed a motion to dismiss pursuant to section 101.106(b) of the Texas Civil Practice and Remedies Code. The trial court denied the motion.

## DISCUSSION

The Texas Tort Claims Act provides a limited waiver of immunity. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (West 2011). The Act waives governmental immunity to the extent that liability arises from the "operation or use of a motor-driven vehicle or motor-driven equipment," or from "a condition or use of tangible personal or real property." *Id*. After the

enactment of the TTCA, plaintiffs attempted to avoid the Act's damage caps and other requirements by suing government employees because claims against the employees individually were not subject to the same limitations. *Mission Consol. Indep. Sch. Distr. v. Garcia*, 253 S.W.3d 653, 656 (Tex. 2008). To prevent these suits, the Legislature enacted an election-of-remedies requirement, which provides:

> A judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim.

Act of May 17, 1985, 69th Leg., R. S., ch. 959, § 1, 1985 Tex. Gen. Laws 3242, 3305 (amended 2003) (current version at TEX. CIV. PRAC. & REM. CODE § 101.106); *see also Mission Consol.*, 253 S.W.3d at 656. Although the original provision protected employees from being sued when claims against the governmental unit were settled or reduced to judgment, nothing prevented a plaintiff from pursuing alternative theories against both the employees and the governmental unit through trial or other final resolution. *Id.*

In 2003, the Legislature enacted the current version of the election-of-remedies provision, which states:

> (a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.
>
> (b) The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.
>
> (c) The settlement of a claim arising under this chapter shall immediately and forever bar the claimant from any suit or recovery from any employee of the same governmental unit regarding the same subject matter.

(d) A judgment against an employee of a governmental unit shall immediately and forever bar the party obtaining the judgment from any suit against or recovery from the governmental unit.

(e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

(f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106 (West 2011).

TPWD appears to assert that section 101.106 requires the dismissal of the governmental unit pursuant to section 101.106 (b) & (e) of the Texas Civil Practice and Remedies Code whenever the entity is sued along with an individual employee. TPWD argues Villarreal's entire suit is barred because she simultaneously filed suit against both the government employee and the governmental entity. In its brief, TPWD contends that "the Supreme Court held that a plaintiff must decide to sue *either* the governmental unit *or* the employee, but not both, and that the irrevocable decision must be made *before* suit is filed." *Mission Consol.*, 253 S.W.3d 653, 656 (emphasis in TPWD brief). TPWD contends that under subsection (e), if a suit is filed against the employee and the entity, the employee is dismissed upon the entity's motion. TPWD concludes that by suing both TPWD and Hudson, Villarreal made an irrevocable election, and under subsection (b) the suit against the governmental entity must be dismissed.

In construing a statute, our primary objective is to determine and give effect to the Legislature's intent. *State v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002); *see also* TEX. GOV'T CODE ANN. § 312.005 (West 2005). We first look to the plain language of the statute.

*Fitzgerald v. Advanced Spine Fixation Sys. Inc*., 996 S.W.2d 864, 865 (Tex. 1999). We may also consider the object the Legislature sought to attain, the circumstances under which it enacted the statute, legislative history, former statutory provisions, and the consequences of a particular construction. *See* TEX. GOV'T CODE ANN. § 311.023(1)-(5) (West 2005). "We 'read the statute as a whole and interpret it to give effect to every part.'" *Gonzalez*, 82 S.W.3d at 327 (quoting *Jones v. Fowler*, 969 S.W.2d 429, 432 (Tex. 1998)). This court presumes that the Legislature intended for the entire statute to be effective. *City of San Antonio v. City of Boerne*, 111 S. W.3d 22, 25 (Tex. 2003). This court "may not adopt a construction that will render any part of the statute inoperative, superfluous, or without legal effect." *Tex. Prop. & Cas. Ins. Guar. Ass'n v. Johnson*, 4 S.W.3d 328, 333 n.5 (Tex. App.—Austin 1999, pet. denied).

We disagree with TPWD's interpretation because it ignores the purpose of the election-of-remedies provision as recognized by the Texas Supreme Court. In *Mission Consol.*, the court stated the "apparent purpose" of the revised election-of-remedies provision was to—

> force a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable, thereby reducing the resources that the government and its employees must use in defending redundant litigation and alternative theories of recovery.

*Mission Consol.*, 253 S.W.3d at 657. The court further explained that "by forcing plaintiffs to make an irrevocable election at the time suit is filed, the Legislature intended to reduce the delay and expense associated with allowing plaintiffs to plead alternatively that the governmental unit is liable because its employee acted within the scope of his or her authority but, if not, that the employee acted independently and is ***individually*** liable." *Id*. (emphasis added).

The court revisited section 101.106 of the Texas Civil Practice and Remedies Code in *Franka v. Velasquez*, 332 S.W.3d 367 (Tex. 2011). In *Franka*, the court construed subsection (f)

of section 101.106, which addresses situations where the plaintiff sues only the government employee based on conduct within the employee's general scope of employment. The court stated:

> Properly construed, section 101.106(f)'s two conditions are met in almost every negligence suit against a government employee: he acted within the general scope of his employment and suit could have been brought under the Act—that is, his claim is in tort and not under another statute that independently waives immunity. In such cases, the suit "is considered to be against the employee in the employee's official capacity only", and the plaintiff must promptly dismiss the employee and sue the government instead. No party is forced into awkward or conflicting positions. The immunity issue need not be determined until the governmental unit is in the suit and the issue can be fully addressed.

*Id.* at 381.

In both *Franka* and *Mission Consol.*, the supreme court acknowledged that section 101.106 recognizes the difference between a suit against the employee in his official capacity and one in his individual capacity. *Id.* at 381; *Garcia*, 253 S.W.3d at 656. This becomes even clearer in the supreme court's decision in *University of Texas Health Science Center at San Antonio v. Bailey*, 332 S.W.3d 395 (Tex. 2011). In *Bailey,* the supreme court addressed subsection (f) of section 101.106. *Id.* at 401. Although subsection (f) is not directly relevant to this case, the court's interpretation of subsection (f) in *Bailey* demonstrates the effect of suing an employee in their official capacity. *Id.*

In *Bailey*, the plaintiffs sued Dr. Sanders on a health care liability claim without specifying whether they sued him in his official capacity or individually. *Id.* at 397. The Baileys did not initially sue Dr. Sanders's employer, the University of Texas Health Science Center at San Antonio ("Center"). *Id.* After the statute of limitations ran, Dr. Sanders filed a motion under section 101.106(f) to have the Center substituted for him. *Id.*

The supreme court first recognized that "[s]ection 101.106(f) of the Texas Tort Claims Act allows a plaintiff who has sued a government employee in what is considered to be his official capacity to avoid dismissal of the action by substituting the governmental employer as a defendant." *Id*. at 396. The issue for the court was whether action against the substituted defendant is barred after limitations has run. *Id*. The supreme court held that under subsection 101.106(f) when a government employee is sued for conduct within the general scope of employment, as Dr. Sanders was, and the employer could have been sued under the TTCA, the suit is considered to be against the employee in his official capacity only. The court noted:

> So while the Baileys may have intended to sue Sanders in his individual capacity, as the court of appeals concluded they did, section 101.106(f) did not allow them that choice. Under the statute, it matters not that the Baileys may not have been aware of Sanders' government employment when they sued him; only the fact of his employment, eventually established, is important. Substitution of the Center as the defendant was not automatic; Sanders was required to file a motion. But the statute does not require a motion for a government employee to be considered to have been sued in his official capacity.

*Id*. at 401 (Tex. 2011). The supreme court further explained:

> It is fundamental that a suit against a state official is merely "another way of pleading an action against the entity of which [the official] is an agent." A suit against a state official in his official capacity "is not a suit against the official personally, for the real party in interest is the entity." Such a suit actually seeks to impose liability against the governmental unit rather than on the individual specifically named and "is, in all respects other than name, . . . a suit against the entity.

*Id*. at 401 (quoting *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 844 (Tex. 2007)). The court held the Baileys' suit against Sanders for acts occurring within the scope of his duties for the Center "was, in all respects other than name, a suit against the Center." *Id*. Therefore, the Baileys had the right to proceed against the Center.

From the onset, Villarreal's suit was against TPWD because it was a suit against TPWD and Hudson in his official capacity only. As demonstrated by the supreme court's analysis in *Bailey*, suit against a government employee in his official capacity is not a suit against the employee individually for personal liability. *See id*. Villarreal named Hudson as a defendant in his official capacity only; she did not plead alternatively that Hudson acted independently and is individually liable. Because Villarreal only sued Hudson in his official capacity, she made her irrevocable election to sue TPWD. Accordingly, the trial court did not err by denying TPWD's motion to dismiss.

Steven C. Hilbig, Justice