# CONCURRING OPINION

No. 04-11-00803-CV

**MAVERICK COUNTY HOSPITAL DISTRICT (MCHD)**
and James H. Fowler, M.D.,
Appellants

v.

Edwin **MARTIN** and Esther Martin,
Individually and as Representative of the Estate of Robert Martin,
Appellees

From the 365th Judicial District Court, Maverick County, Texas
Trial Court No. 10-12-26093-MCVAJA
Honorable Amado J. Abascal, III, Judge Presiding

Opinion by:     Phylis J. Speedlin, Justice
Concurring Opinion by:  Sandee Bryan Marion, Justice

Sitting:        Sandee Bryan Marion, Justice
                Phylis J. Speedlin, Justice
                Rebecca Simmons, Justice

Delivered and Filed:  May 23, 2012

In light of the current law, I agree with the analysis in the majority opinion and I concur in the judgment.  However, I write separately to urge the Legislature to revisit the breadth of immunity granted to doctors under circumstances like the one presented here.  The Martins sought treatment for their son, Robert, from Dr. Fowler at his private office, not at a facility owned or operated by a governmental entity.  The Martins alleged the following about their knowledge of whether Fowler was a private physician or a physician employed by a governmental unit.  Fowler never revealed to the Martins that he was employed by a governmental unit, the Maverick County Hospital District ("MCHD").  Nothing in Fowler's office indicated he was an employee of MCHD.  None of the staff that worked at Fowler's private office wore uniforms or identification that indicated either they or Fowler worked for

MCHD. No correspondence from Fowler indicated he was an employee of MCHD. MCHD did not issue any billing statements for the surgery Fowler performed on Robert. Prior to the surgery, Fowler referred Robert to Fort Duncan Medical Center for lab work, and Fowler performed Robert's surgery at the Fort Duncan Medical Center. It is undisputed that the Fort Duncan Medial Center is a privately-owned facility, with private nursing and private support staff.

Almost two years after the surgery the Martins discover for the first time that Fowler is an employee of a governmental unit when he files an amended answer stating as much. The Martins are now subjected to the Texas Tort Claims Act. While I acknowledge legislative and judicial decisions have clarified the embrace of governmental immunity, I question whether the Legislature intended to expand such immunity to situations where, as here, a patient has no idea the medical provider is employed by a governmental unit. *See Univ. of Tex. Health Sci. Ctr. at San Antonio v. Bailey*, 332 S.W.3d 395, 401 (Tex. 2001) ("Under the statute, it matters not that the [plaintiffs] may not have been aware of [the doctor's] government employment when they sued him; only the fact of his employment, eventually established, is important."). Patients and/or their caregivers generally have the opportunity to select the health care provider of their choice. But, a patient's decision about whether to seek health care services from a physician in private practice or from a government-employed physician should be an informed one. Otherwise, a physician who appears to be in private practice may be cloaked with immunity and the patient may be deprived of their right to sue the physician. Therefore, I urge the Legislature to review whether a physician should be required to disclose their employment by a governmental entity.

Sandee Bryan Marion, Justice