

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00488-CV

Charlotte **COSTLEY**,
Appellant

v.

Victoria **CLARK** and National Interstate Insurance Co.,
Appellees

From the 170th Judicial District Court, McLennan County, Texas
Trial Court No. 2013-1228-4 1
Honorable Jim Meyer, Judge Presiding

Opinion by:   Luz Elena D. Chapa, Justice

Sitting:   Karen Angelini, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  July 30, 2014

AFFIRMED

Charlotte Costley appeals the trial court's judgment dismissing her claims against Victoria

Clark and National Interstate Insurance Company on the ground that the statute of limitations has

run.  We affirm the judgment.

Costley filed a lawsuit against Clark in the McLennan County District Court on March 26,

2013.  In an amended complaint filed April 25, 2013, Costley added National Interstate Insurance

Company as a defendant.  Costley's pleadings asserted she sought damages for personal injuries

she suffered when she was a passenger in a bus operated by "Clark Travel" that was in an accident on February 12, 2011.

Clark and National Interstate Insurance Company filed a motion for summary judgment, seeking dismissal of Costley's suit because it was barred by the two-year statute of limitations found in section 16.003(a) of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West Supp. 2013). The trial court granted the motion and dismissed Costley's claims with prejudice.

In her response to the motion for summary judgment and on appeal, Costley contends the motion for summary judgment should have been denied because she filed suit in the Justice Court before the statute of limitations ran. Costley stated she was misinformed by the clerk of that court about what action she needed to take to preserve her claims. In support of this contention, Costley referred to a copy of what appears to be a complaint filed on February 8, 2013, in the Justice Court for Precinct 2 of McLennan County, Texas. Although the personal injury claim described in that pleading arises out of the February 12, 2011 bus accident, the suit was filed only against David Michelson, alleged to be the driver of the bus. Neither Victoria Clark nor National Interstate Insurance Company are mentioned in the pleading.

In some circumstances, the running of the statute of limitations is suspended if suit is filed in a court that lacks jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.064 (West 2008).[1]

---

[1] Section 16.064 provides:

    (a) The period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court suspends the running of the applicable statute of limitations for the period if:

        (1) because of lack of jurisdiction in the trial court where the action was first filed, the action is dismissed or the judgment is set aside or annulled in a direct proceeding; and

        (2) not later than the 60th day after the date the dismissal or other disposition becomes final, the action is commenced in a court of proper jurisdiction.

However, even if the requirements of 16.064 had been shown in this case[2], the filing of suit in the justice court against David Michelson would not have suspended the running of the statute of limitations on Costley's claims against Clark and National Interstate Insurance Company. *See Univ. of Tex. Health Sci. Ctr. at San Antonio v. Bailey*, 332 S.W.3d 395, 400 (Tex. 2011) (amended pleading adding new party does not ordinarily relate back to original pleading); *Alexander v. Turtur & Assoc., Inc.*, 146 S.W.3d 113, 121 (Tex. 2004) (same).

Costley additionally asserts that limitations should not bar her claims because appellees' attorneys were aware of her claim before the statute of limitations ran. We know of no authority that knowledge of a potential claim suspends the running of limitations.

The record establishes that Costley did not bring her personal injury suit against appellees until more than two years after the cause of action accrued. We therefore affirm the trial court's judgment.

Luz Elena D. Chapa, Justice

---

(b) This section does not apply if the adverse party has shown in abatement that the first filing was made with intentional disregard of proper jurisdiction.

TEX. CIV. PRAC. & REM. CODE ANN. § 16.064 (West 2008).

[2] Costley did not file any other pleading, docket sheet, order, or judgment from the justice court action in response to the motion for summary judgment.