COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| TEXAS TECH UNIVERSITY HEALTH SCIENCES CENTER, | § | No. 08-23-00170-CV |
| | § | Appeal from |
| Appellant, | | |
| | § | 448th Judicial District Court |
| v. | | |
| | § | of El Paso County, Texas |
| JAIMESON MONROE LOCKAMY, | | |
| | § | (TC# 2021DCV1270) |
| Appellee. | | |

## MEMORANDUM OPINION

Texas Tech University Health Sciences Center (TTUHSC) appeals the trial court's denial of its plea to the jurisdiction and motion for summary judgment in Jaimeson Monroe Lockamy's health care liability suit. We conclude that Lockamy's claims are barred by the statute of limitations, which is a jurisdictional defect in this case. We reverse the trial court's judgment and render judgment dismissing Lockamy's suit for lack of jurisdiction.

## BACKGROUND

Lockamy underwent hernia repair surgery performed by TTUHSC's physician employees on January 4, 2019. After experiencing complications, Lockamy sued TTUHSC for health care

liability claims on April 16, 2021.[1] Lockamy amended his petition twice, and in each version, he included a request for the trial court to toll or suspend the statute of limitations under the then-applicable version of the Texas Supreme Court's Emergency Order Regarding the COVID-19 State of Disaster.

On March 28, 2023, TTUHSC filed a combined plea to the jurisdiction and motion for summary judgment, in which it argued that Lockamy's suit is untimely and should be dismissed. Specifically, TTUHSC argued that the two-year statute of limitations plus 75-day tolling period for Lockamy's claims ended on March 22, 2021. Because Lockamy did not file and serve his suit before then, TTUHSC contended that his suit is time-barred and must be dismissed because timely filing suit is a jurisdictional statutory prerequisite in a case against a state entity.[2] TTUHSC also maintained that Lockamy failed to secure the trial court's ruling on his tolling request before either the statute of limitations expired on March 22, 2021, or the emergency order expired on October 1, 2021.

In response, Lockamy again raised his request that the trial court suspend or toll the statute of limitations under the authority of the Texas Supreme Court's Thirty-Eighth Emergency Order as amended by its Fortieth Emergency Order, which states in part:

1.  Governor Abbott has declared a state of disaster in all 254 counties in the State of Texas in response to the imminent threat of the COVID-19 pandemic. This Order is issued pursuant to Section 22.0035(b) of the Texas Government Code.

.      .      .

3.  Subject only to constitutional limitations, all courts in Texas may in any case, civil or criminal, without a participant's consent:

---

[1] This petition was not served; however, Lockamy's first amended petition was served on TTUHSC on July 23, 2021.

[2] Lockamy does not dispute that TTUHSC is a governmental entity.

a. except as provided in paragraph 4 [relating to proceedings under Subtitle E, Title 5 of the Family Code], **modify or suspend any and all deadlines and procedures, whether prescribed by statute, rule, or order, for a stated period ending no later than October 1, 2021**[.] (emphasis added).

Lockamy noted that he requested "an extension or tolling of the statute of limitations in this case to no later than October 1, 2021." He maintained that the only restriction placed on the trial court's ability to modify a deadline under the emergency orders is a constitutional one. Lockamy also argued that the emergency orders empowered trial courts to grant retroactive relief and extend deadlines as specified in the orders even after they expired.

After a hearing, the trial court denied TTUHSC's motion. TTUHSC filed this accelerated interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8).

## STANDARD OF REVIEW AND APPLICABLE LAW

Governmental units, like TTUHSC, are immune from lawsuits except where the Legislature expressly waives that immunity. *State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009). Sovereign immunity deprives a trial court of subject-matter jurisdiction. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 636 (Tex. 2012). A defendant may challenge subject-matter jurisdiction through a plea to the jurisdiction. *Flores v. Tex. Dep't of Criminal Justice*, 634 S.W.3d 440, 450 (Tex. App.—El Paso 2021, no pet.) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004)). "The purpose of a plea to the jurisdiction is to defeat a cause of action without regard to whether the claims asserted have merit." *Univ. of Tex. M.D. Anderson Cancer Ctr. v. McKenzie*, 578 S.W.3d 506, 512 (Tex. 2019) (quoting *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000)). Statutory prerequisites to suit are jurisdictional for claims asserted against governmental entities. *City of Madisonville v. Sims*, 620 S.W.3d 375, 378 (Tex. 2020) (per curiam) (citing *Prairie View A & M U niv. v. Chatha*, 381 S.W.3d 500, 512

(Tex. 2012)); TEX. GOV'T CODE ANN. § 311.034. We review a trial court's denial of a plea to the jurisdiction de novo. *Miranda*, 133 S.W.3d at 226.

The Tort Claims Act provides a waiver of immunity "for certain negligent acts by governmental employees." *McKenzie*, 578 S.W.3d at 512 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 101.021). The applicable limitations period for health care liability claims is two years from the date of treatment, plus a 75-day tolling period following proper notice of the claim. *Univ. of Tex. Health Sci. Ctr. at San Antonio v. Bailey*, 332 S.W.3d 395, 397 n.7 (Tex. 2011) (citing TEX. CIV. PRAC. & REM. CODE ANN. §§ 74.251(a), 74.051(c)).

## ANALYSIS

In one issue on appeal, TTUHSC contends the trial court erred by denying its plea to the jurisdiction and motion for summary judgment because Lockamy failed to file his lawsuit within the limitations period. TTUHSC argues the emergency orders do not permit the trial court to retroactively grant Lockamy's request to extend the statute of limitations because the statute of limitations is jurisdictional for health care liability claims asserted against a governmental entity.

Lockamy responds that the statute of limitations is not a jurisdictional requirement but instead "a procedural bar." He adds that the emergency orders provided the trial court with discretion to extend certain deadlines, including those affecting limitations periods. Further, Lockamy contends the emergency orders permitted the trial court to grant his tolling request retroactively, according to their terms, even after the statute of limitations and the emergency orders expired.

First, timely filing suit based on the statute of limitations is a statutory prerequisite to suit, and when the defendant is a governmental entity, that prerequisite is jurisdictional. *Chatha*, 381 S.W.3d at 515 ("[A] statutory prerequisite to suit, whether administrative (such as filing a charge

4

of discrimination) or procedural (*such as timely filing a lawsuit*) is jurisdictional when the defendant is a governmental entity." (emphasis added) (citing TEX. CIV. PRAC. & REM. CODE § 311.034)); *Univ. of Tex. at El Paso v. Isaac*, 568 S.W.3d 175, 184 (Tex. App.—El Paso 2018, pet. denied); *see also Univ. of Tex. Sw. Med. Ctr. v. Taylor*, No. 05-17-01221-CV, 2018 WL 3322939, at *2 (Tex. App.—Dallas July 6, 2018, pet. denied) (mem. op.) (concluding compliance with statute of limitations is a jurisdictional prerequisite to suit for health care liability claims against governmental entity). Lockamy contends otherwise, urging that noncompliance with the statute of limitations is neither a statutory prerequisite nor jurisdictional. But the authority he cites does not support his position. *See, e.g.*, *In re La Grange Acquisitions, LP*, No. 09-23-00189-CV, 2023 WL 6157422, at *2 (Tex. App.—Beaumont Sept. 21, 2023, no pet.) (mem. op.) (holding that the notice procedure in § 101.101(a) of the Civil Practice and Remedies code is a jurisdictional prerequisite to suit against a governmental entity); *Segovia v. Stebbins*, No. 14-21-00078-CV, 2023 WL 1832623, at *2 (Tex. App.—Houston [14th Dist.] Feb. 9, 2023, no pet.) (mem. op.) (characterizing statute of limitations deadline as an affirmative defense in a case between two individuals and not involving a governmental entity); *Tanner v. Tex. State Univ.*, 644 S.W.3d 747, 748 (Tex. App.—Austin 2022, pet. granted) (concluding diligence in service of process is a not a jurisdictional statutory prerequisite to suit under Government Code § 311.034). Thus, if a plaintiff does not timely file his lawsuit against a governmental entity, he fails to satisfy a jurisdictional statutory prerequisite to suit, and the trial court has no subject-matter jurisdiction over that case. *Sims*, 620 S.W.3d at 380 (citing TEX. GOV'T CODE ANN. § 311.034).

Further, while the Texas Supreme Court's emergency order provides that courts may "modify or suspend any and all deadlines and procedures," the order "does not suggest that a court can create jurisdiction for itself where the jurisdiction would otherwise be absent[.]" *In re State ex*

*rel. Ogg*, 618 S.W.3d 361, 364 (Tex. Crim. App. 2021). In other words, "[t]he emergency orders do not give courts authority to revive jurisdiction once a *jurisdictional* deadline has passed." *Prescod v. Tkach*, No. 02-21-00162-CV, 2022 WL 246858, at *5 (Tex. App.—Fort Worth Jan. 27, 2022, no pet.) (mem. op.) (collecting cases involving jurisdictional deadlines and emergency orders). Lockamy contends a case from the Fort Worth Court of Appeals supports his argument that the emergency orders can retroactively toll the statute of limitations, but that case involved the extension of a § 74.351 expert-report deadline—that is, a non-jurisdictional deadline. *See Pepper v. Wilson*, No. 02-22-00107-CV, 2023 WL 2534626, at *2 (Tex. App.—Fort Worth Mar. 16, 2023, pet. denied) (mem. op.).

Lockamy did not file his suit before March 22, 2021, when the statute of limitations on his health care liability claims against TTUHSC expired. TEX. CIV. PRAC. & REM. CODE ANN. §§ 74.251(a), 74.051(c). In other words, he missed a "jurisdictional deadline." *Prescod*, 2022 WL 246858, at *5; *see Sims*, 620 S.W.3d at 380. Thus, even though Lockamy requested in his pleadings that the trial court toll the limitations deadline under the Texas Supreme Court emergency orders, the emergency orders do not give the trial court authority to "create jurisdiction" where it does not already exist. *Ogg*, 618 S.W.3d at 364. Because Lockamy failed to satisfy a jurisdictional statutory prerequisite to suit, the court lacked jurisdiction over this case. *Sims*, 620 S.W.3d at 380 (citing TEX. GOV'T CODE ANN. § 311.034).

The trial court erred by denying TTUHSC's plea to the jurisdiction. We sustain TTUHSC's single issue on appeal.[3]

---

[3] Because we conclude Lockamy failed to fulfill a jurisdictional statutory prerequisite to suit, we do not reach TTUHSC's alternative arguments on appeal regarding why the trial court erred by denying its plea to the jurisdiction.

## CONCLUSION

We reverse the trial court's judgment and render judgment dismissing Lockamy's suit for lack of jurisdiction.


LISA J. SOTO, Justice

February 27, 2024

Before Alley, C.J., Palafox and Soto, JJ.