

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00332-CV

---

SONIA JANETH ESPINOZA, APPELLANT

V.

TEXAS TECH UNIVERSITY, APPELLEE

---

On Appeal from the 72nd District Court
Lubbock County, Texas
Trial Court No. DC-2023-CV-1507, Honorable John C. Grace, Presiding

---

July 21, 2025

## CONCURRING OPINION

### Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

I concur in the opinion of Justice Yarbrough but write separately to clarify a matter. Texas Tech University argues that only complying with the terms of § 101.106(f) of the Civil Practice and Remedies Code permits a plaintiff to name the governmental entity as the appropriate defendant after the statute of limitations expires. Reading the very case it cites to support the proposition, i.e., *University of Texas Health Science Center at San Antonio v. Bailey*, 332 S.W.3d 395, 401–02 (Tex. 2011), reveals the error within the University's position.

For purposes of limitations, a suit against the employee in that employee's official capacity is a suit against the governmental employer. Indeed, as noted in *Bailey,* the governmental employer is actually the "real party in interest." In quoting *Texas A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 844 (Tex. 2007), the *Bailey* court said "[a] suit against a state official in his official capacity 'is not a suit against the official personally, for the real party in interest is the entity.' Such a suit actually seeks to impose liability against the governmental unit rather than on the individual specifically named and 'is, in all respects other than name, . . . a suit against the entity.'" *Bailey*, 332 S.W.3d at 401. So, continued the *Bailey* court, "[w]hen the Center was substituted as the defendant in Sanders' place, there was no change in the real party in interest." *Id.* at 402. "Consequently, the Center cannot prevail on its defense of limitations." *Id*. And, this was so despite the Bailey plaintiffs amending their pleading to add the Center long after limitation expired. Notably absent from the foregoing is any mention by the Supreme Court that § 101.106(f) of the Texas Civil Practice and Remedies Code somehow tolls limitations. One reading the opinion will find nowhere within it reference to tolling of limitations. Rather, the Supreme Court relied solely on the identity of the governmental entity being the "'real party in interest'" or the actual party sued "'in all respects other than name'" as reason for rejecting the claim of limitations. So, the University's contention that *Bailey* construes the statute as a 30-day tolling provision lacks foundation.

Rather, *Bailey* lends itself to only one reasonable interpretation, at least when it comes to the effect of § 101.106(f) and limitations. When the plaintiff sues a governmental employee in his or her official capacity, "'the suit is, for all practical purposes, against the [governmental entity],'" *Bailey*, 332 S.W.3d at 401 (quoting *City of El Paso v. Heinrich*,

2

284 S.W.3d 366, 380 (Tex. 2009)), when calculating limitations. It matters not whether the plaintiff amended his complaint to add the governmental entity within 30 days of the date the employee invoked § 101.106(f).


Brian Quinn
Chief Justice

3