

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00332-CV

SONIA JANETH ESPINOZA, APPELLANT

V.

TEXAS TECH UNIVERSITY, APPELLEE

On Appeal from the 72nd District Court
Lubbock County, Texas
Trial Court No. DC-2023-CV-1507, Honorable John C. Grace, Presiding

July 21, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

In the world of procedural rules, few things can derail a lawsuit faster than naming the wrong party. But what happens when the law itself provides a mechanism to fix that mistake—and the court still ends the case? This appeal asks whether a statutory substitution under section 101.106(f) of the Texas Tort Claims Act justifies dismissal of the entire suit when the plaintiff takes corrective action after the initial deadline but before the court has acted. Spoiler: it doesn't.

This is an appeal from the trial court's order granting a plea to the jurisdiction filed by Appellee, Texas Tech University ("TTU"), which resulted in the dismissal of Appellant, Sonia Janeth Espinoza's personal injury suit. Because we conclude the suit against the governmental employee was, in substance, a suit against the governmental entity, and the trial court improperly treated the deadline in Texas Civil Practice and Remedies Code section 101.106(f) as grounds for dismissing the entire case rather than substituting the proper defendant, we reverse and remand for further proceedings.

## BACKGROUND

This is a motor vehicle accident liability claim brought by Espinoza against TTU and its employee, Madyson Taylor Leita. On December 3, 2021, TTU employee Leita was traveling east in the 800 Block of Flint Avenue in Lubbock, Lubbock County, Texas, when she rear-ended the vehicle driven by Espinoza. Espinoza sued Leita for the negligent operation of a motor vehicle.[1]

## THE PROBLEM

At its core, TTU argues this is a statute of limitations problem.

Espinoza was injured in a car accident on December 3, 2021—she had two years to file suit. She timely filed her lawsuit on November 17, 2023—but she named only Leita as a defendant. When Leita moved for dismissal under section 101.106(f), Espinoza filed

---

[1] For which audiences do justices write opinions? The parties, the public, law students, each other? Lawyers reading this opinion immediately start thinking whether Leita was in the course and scope of her employment with TTU or was she in a frolic. Don't worry about that—all parties agree Leita was in the course and scope of her employment with TTU at the time of the accident.

her First Amended Petition naming TTU on March 5, 2024—outside the 30-day window imposed by section 101.106(f), but still before Leita was dismissed.

TTU's argument, in essence, is that the 30-day period in section 101.106(f) serves as a kind of statutory extension to the limitations period: if the plaintiff fails to amend within that window, then any later-named substitution of the governmental entity is time-barred.

The timeline below illustrates the relevant filings:

| Date | Event |
| --- | --- |
| Dec. 3, 2021 | Date of motor vehicle accident |
| Nov. 17, 2023 | Espinoza files original petition against Leita only |
| Jan. 12, 2024 | Leita files answer and § 101.106(f) motion to dismiss |
| Mar. 5, 2024 | Espinoza files First Amended Petition adding TTU |
| Mar. 13, 2024 | Trial court signs agreed order dismissing Leita |
| Apr. 26, 2024 | TTU files Plea to the Jurisdiction |
| Oct. 3, 2024 | Espinoza files Second Amended Petition & response to plea |
| Oct. 17, 2024 | Trial court grants TTU's plea to the jurisdiction |

## STANDARD OF REVIEW

The issue before us is a jurisdictional one, and we apply a de novo standard of review. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).[2]

---

[2] The sole error raised on appeal is the trial court erred in granting TTU's plea to the jurisdiction.

ANALYSIS

Section 101.106(f) of the Texas Tort Claims Act provides a procedural mechanism to ensure suits against governmental employees based on actions within the scope of employment are redirected to the proper party—the governmental entity itself. It states:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only.
>
> On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

The trial court dismissed the claims against Leita individually in accordance with section 101.106(f), after Espinoza did not amend within 30 days of Leita's motion. That dismissal was required by statute and is not at issue here. The question before us is whether the subsequent dismissal of Espinoza's claims against TTU was proper.

The Supreme Court's decision in *University of Texas Health Science Center at San Antonio v. Bailey*, 332 S.W.3d 395, 401–02 (Tex. 2011), is instructive. There, the plaintiff originally sued a governmental employee. After limitations had expired, the governmental unit was substituted in under section 101.106(f). The Court rejected the argument the claim was barred, holding:

> Under section 101.106(f), the Baileys' suit against Sanders was, in all respects other than name, a suit against the Center. In requiring a government employer to be substituted on the employee's motion, the statute is silent on whether the employer may complain of prejudice from the delay in being named a party. In this case, the Center has made no such complaint. When the Center was substituted as the defendant in

4

Sanders' place, there was no change in the real party in interest. Consequently, the Center cannot prevail on its defense of limitations.

Here, unlike in *Bailey*, TTU does complain—not of prejudice, but of Espinoza's failure to amend her petition within 30 days. But even with that distinction, the core principle in *Bailey* remains the same: the suit was always substantively against the governmental entity.

An important distinction under section 101.106(f)—and one the Supreme Court of Texas emphasized in *Bailey*—is the difference between a suit against a governmental employee in his individual capacity versus his official capacity. A suit against an employee in his individual capacity seeks to hold the individual personally liable for his actions, while a suit against him in his official capacity is, in substance, a suit against the governmental entity itself. This distinction carries real consequences for questions of jurisdiction and liability under the Tort Claims Act.

Here, Espinoza's petition named Leita as the sole defendant. But both parties, and the trial court, recognized that Leita was acting within the scope of her employment with TTU at the time of the accident. Leita stated as much in her answer and again in her motion to dismiss under section 101.106(f). The agreed order dismissing her confirmed that understanding. As a result, even though Espinoza did not name TTU initially, her suit against Leita was, from the outset, a suit against Leita in her official capacity—and thus a suit against TTU. As *Bailey* put it, "the suit was, in all respects other than name," a suit against the governmental unit. 332 S.W.3d at 401–02. The naming of TTU in the First Amended Petition simply corrected the caption to reflect the legal reality already in place.

5

TTU was named in Espinoza's First Amended Petition, and critically, that amendment was filed before the trial court dismissed Leita. The substitution process under 101.106(f) had already been set in motion and effectuated as the statute intended.

A more recent case from the Texas Supreme Court, *Texas State University v. Tanner*, 689 S.W.3d 292, 303 (Tex. 2024), reinforces the *Bailey* framework and emphasizes the distinction between suing the correct entity and naming it correctly. While *Tanner* ultimately involved a service of process issue distinct from this case, it also relied on *Bailey* to underscore the principle that the identity of the real party in interest governs. *Id.*

Espinoza's claims cannot be time-barred because, from the outset, they were substantively claims against TTU. Although the petition named Leita as the defendant, it is undisputed that she was acting within the scope of her employment at the time of the incident. Under long-established precedent, a suit against a governmental employee in his official capacity is a suit against the governmental unit itself. Section 101.106(f) did not create a new limitations period or reset the clock—it merely offered a mechanism to ensure the governmental entity is properly identified. Because TTU was always the real party in interest, and was formally named in the case before Leita was dismissed, Espinoza's claims remain viable. Issue one is sustained.

## CONCLUSION

Because Espinoza's suit was, in effect, against TTU from the beginning, and because section 101.106(f) does not mandate dismissal of the entire action where the employee has been dismissed and the governmental entity subsequently named, the trial

6

court erred in granting the plea to the jurisdiction.  We reverse the trial court's order and remand the case for further proceedings consistent with this opinion.

Alex Yarbrough<br>Justice

Quinn, C.J., concurring.
Parker, J., concurs in the result.